## HIRAM BERKEY

### *vs.*

## GEORGE B. JUDD et al.

In those cases triable by the court without a jury, under *Sec.* 199, *of Chapter* 66, *of the General Statutes*, the authority of the court to try the issues of fact without a jury, or to send them to a jury for trial, is the same as when law and equity were administered by separate courts. The court in such cases may, upon the application of either party, or upon its own motion, direct a jury trial of the issues.

Such direction should be by a formal order, stating the issues to be tried, and made before the trial is entered on.

There are some issues which ought not to be tried by a jury. The taking and stating the accounts of a partnership are not proper matters to be referred to a jury, and to refer such matters to a jury is error.

This action was brought in the district court for Washington county, was tried by a jury, and resulted in a verdict for the plaintiff. The defendants moved for a new trial, which was denied, and they appeal to this court.

The paper book and the points and briefs of counsel are of great length, and as this court reverses the order of the court below, and awards a new trial upon the first exception

mentioned in the paper book, and also states the character of the action in its opinion, no further statement is necessary than the following extract from the paper book.

"On the first call of the calendar the defendants moved that the said action, being an equitable action, be tried by the court, or referred to a referee to be appointed by the court to hear and determine the same. To which motion the plaintiff's counsel objected, and the court thereupon considered said motion and after due deliberation denied and overruled the same ; defendants' counsel then and there duly excepted and had his exceptions noted by the court."

BIGELOW & CLARK for Appellants.

The issues arising upon the pleadings as well as the character of the relief demanded by the plaintiff, call for the exercise of the equity powers of the court, and the case should have been tried by the court without a jury or referred. *Gen. Stats., page* 498, *Secs.* 198 *and* 199.

The effect of a similar statute in the State of New York, is held, in *Hill vs. McCarthy*, (3 *Code Rep.* 50,) to be to throw the trial of all questions of fact in the old common law actions upon the court and jury, and at the same time to throw the whole class of equity suits upon the court without a jury, unless, *for some special reason*, the court should order the issue to be tried by a jury. And the same court, in *Draper vs. Day*, (11 *How. Pr. Rep.*, 439) held, that an action to set aside an assignment for the benefit of creditors, must be tried by the court, unless ordered *on motion* to be tried by a jury. *Vide also Wilson vs. Forsyth*, 16 *How. Pr. Rep.*, 448 ; *McCarthy vs. Edwards*, 24 *How. Pr. Rep.*, 236.

This we suggest is the proper construction of our statutes

---

Berkey v. Judd et al.

---

on the subject of the trial of civil actions. But if the legislature intended by those statutes to abolish the form of trial and mode of relief heretofore pertaining to courts of equity, or to authorize juries not only to try, but to administer the relief in equity cases, then we submit, such statutes are not authorized by the constitution and are therefore void. *Constitution of Minn., Sec. 4 of Art 1, & Secs. 2 & 5 of Art 6; Organic Act of Minn. Ter., Sec. 9; Constitution U. S., 7th amendment; Reubens vs. Joel, 13 N. Y. Rep., 491–500; Parsons vs. Bedford, 3 Peters, 433 (8 Curtis, 474); Whallan vs. Bancroft, 4 Minn. Rep, 109; Voorhies vs. Childs, 17 N. Y. Rep., 358, et seq.*

H. J. HORN, with CORNMAN & STICKNEY and SMITH & GILMAN for Respondents.

As to the objection of defendants that the case was tried by a jury. It appears that the court ordered the cause to stand for a jury trial. This the statute authorized him to do in his discretion expressly. *Sec. 199, Gen. Stat., 478; Meigher vs. Strong, 6 Minn., 182.*

The issues were as simple and as easily disposed of by a jury as most money demands.

*By the Court.*—GILFILLAN CH. J.—The pleadings in this case are quite long. The complaint sets out as causes of action, in brief, that up to a certain date the plaintiff and defendants, with others, were co-partners, and possessed a large amount of assets. That at such date, in settlement of their partnership business, he agreed to accept, and they to convey to him, a certain amount in the assets of the firm, which agreement was carried out. That he was induced to agree to accept such amount, which was less than his share

of the assets, by the fraudulent representations and concealments of defendants, and to select to make up the amount, certain supposed assets of the firm, but to which they in fact had no title, by like representations and concealments; and prays first, a judgment for a certain sum, or secondly, for a certain other sum, being the price at which he received the assets to which the title failed, with interest &c., and that the settlement be set aside, an account of the partnership affairs be taken, and that he recover of defendants his proportion of the assets (over and above the liabilities), which have come into possession of defendants, and that they be ordered to account, &c.

It was insisted by the defendants in the court below that the cause should be tried by the court or a reference ordered. This the court overruled and the cause was tried by a jury. No statement of the issue nor order directing a jury trial was made, but the entire case was left to the jury, as though it were one which should, as a matter of course, be tried by a jury.

This presents the question, What is the proper mode to order or direct a jury trial in those cases triable by the court?

The point is made that the legislature cannot abolish the form of trial and mode of relief formerly pertaining to courts of equity, or authorize juries not only to try, but to administer the relief in equity cases.

We do not think it has attempted to change in substance, the mode of trial, nor the character and measure of relief in those cases. It is true that *Sec.* 1, *Chap.* 66 *of the General Statutes*, has the broad declaration, that, " the distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished; and there shall be, in this State, but one form of action, for the enforcement or protection of private rights, and the redress of private

wrongs "; but to abolish the substantial distinction which exists between different classes of actions or suits would be impossible. *Reubens vs. Joel,* 13 *N. Y.,* 488; *Voorhies vs. Childs Exr's,* 17 *ib.,* 354; *Goulet vs. Asseler,* 22 *ib.,* 225.

The distinction in the forms of actions, that is in the modes of commencing them, in the number, names and forms of the pleadings, and in those matters of practice necessary for presenting causes to the court for its determination, and for enforcing such determination, can be and has been abolished.

The distinction in the mode of trial, or rather in the tribunal which may try causes, is substantially preserved by *Secs.* 197, 198 *and* 199.' The actions mentioned in *Sec.* 198, are all, except that for divorce, what were formerly known as actions at law, and therefore triable by a jury; and those mentioned in *Sec.* 199 are such as were formerly known as suits in equity, and triable by the chancellor, unless (for his information) certain issues therein were directed to be tried before a jury.

The only essential change is, that the actions mentioned in *Sec.* 198 may by consent be tried by the court, or may be referred as provided in *Secs.* 228 *and* 229, and that in those mentioned in *Sec.* 199, the whole issue may be referred. In all other respects the authority of the court, to try the issues of fact without a jury, or to send those issues for trial, to a jury, is the same as when law and equity were administered by separate courts.

The court may now, as the chancellor could formerly, either on application of a party, or of its own motion, direct any of the issues of fact to be tried by a jury. What change has been made in the manner of doing this? The most noticeable grows out of the fact, that the court which directs the issues to be tried by a jury, has the jury present to try

them. Formerly a decree was entered directing one of the parties to bring an action in a court at law, to make up and bring to trial there, certain issues specified by the decree. Now it is not necessary to go into another court nor bring another action. Again the chancellor could at any stage direct the jury trial; now it must be done before the trial is entered on. *O'Brien vs. Bowers*, 4 *Bosworth*, 657.

The chancellor directed the trial by a decree. An order is substituted for the decree, (*see Sec.* 199); we think this should be a formal order. The statute however is silent as to what the order shall contain. Whenever the statute and rules of court fail to prescribe a rule of practice in a particular case, the former rule pertaining to such cases, legal or equitable, so far as practicable, is retained. And as formerly the decree directing the jury trial, specified the particular issues of fact to be tried, the order which takes the place of the decree should likewise state the issues. It sometimes happens that every issue of fact presented in an equitable action may be properly submitted to a jury, and in most of such actions there are some which it is proper so to try. On the other hand there are some issues which should under any circumstances, be tried by the court or a referee. This case presents both of these classes of issues.

The alleged fraud in effecting the settlement presents questions of fact which the court in its discretion could order tried by a jury. If the fraud were found the settlement would be avoided, and the parties would stand precisely as though none had been made. This would make a statement of the accounts between the parties necessary. To do this every item and the value of every item of partnership assets chargeable to the respective partners, as well as its liabilities, and by whom paid, if paid at all, must be ascertained. No court should ever submit the taking of such accounts to

a jury.   *Sec.* 199, indeed authorizes the court to order the whole issue so to be tried; but this authority should only be exercised where the whole issue is such as to make a proper case for a jury trial.   It does not change the rule as to what are proper issues for that mode of trial.   The court below erred in submitting the whole issue to the jury, and also in submitting the case for trial without a formal order setting forth the issues to be tried.   There are other alleged errors occurring on the trial, but as a new trial must be had for the reasons above stated, and as such errors may not arise on such trial, it is unnecessary to notice them.

The order denying a new trial is reversed, and a new trial ordered.