Guernsey v. American Insurance Company.

## WILLIAM H. GUERNSEY

### *vs.*

## AMERICAN INSURANCE COMPANY.

The action was brought to reform a policy of insurance and to recover for a loss under it as reformed. The case coming on for trial, a jury was impannelled and sworn therein, the parties not consenting, nor the court ordering, that the jury should pass on the issue as to the reformation of the policy or any specific question of fact involved therein, but the appellant introduced evidence to maintain the issues on his part as to both causes of action. *Held,*

Guernsey v. American Insurance Conpany.

that under this state of facts, there would be nothing for the jury till the court had first decided that appellant was entitled to have the policy reformed.

A case for reforming said policy on the ground of mutual mistake, is not made out by proof, that the agents of the company who made the bargain with appellant, made the mistake in writing the application, which appellant signed, supposing it to express said bargain, and that said agents sent it under the same belief to the respondent, who issued said policy in accordance with its terms, without proving, further, that said agents were authorized to bind the respondent by their contract and that respondent knew what that contract was.

To authorize the reformation of a contract on the ground of mistake, the mistake must be clearly made out by satisfactory proof, by evidence clear of all reasonable doubt.

Such mistake on appellant's part held not to be so made out; the contract set up being in some respects singular; alleged to have been to insure on the same terms as those of a former policy issued by another office, not produced, but said to have been thrown away and its terms stated in a loose and general way, and the policy sought to be reformed alleged not to have been read by appellant till after the loss, more than a year after he received it.

An alleged waiver of a stipulation that nothing shall be deemed a waiver of the provisions of the policy as to the time of making proof of loss and commencing suit, except such waiver be in writing signed by the president and secretary, is not made out by proof of an agreement by the general agent to waive such stipulation, no evidence being offered to show any authority in him to make such waiver.

No such authority can be implied from respondent's not objecting to the proofs nor returning them, there being no evidence tending to show that respondent knew what said agent had done, and said proofs having been made out of time.

The court below ruled that, as the action was to reform the policy, the appellant must offer it in evidence in whole. *Held*, correct.

The defendant a company located at Freeport, Illinois, issued to the plaintiff in June, 1865, a policy of insurance against fire, for five years,

" On his dwelling house,
   "  "   household furniture therein,
   "  "   barn and shed adjoining,
   "  "   grain therein,
     VOL. XVII.—13

"On his hay and other fodder therein,

"      "   live stock and farming utensils therein,"

reference being made to the plaintiff's application for a more particular description, and as forming part of the policy.

The plaintiff brought this action Nov. 7, 1867, to reform the policy by striking out the word "therein" wherever the same occurs in the policy and the application, claiming that the same was improperly inserted by the error and inadvertance of the scrivener or person who wrote the written portion of the body of the policy, and that the policy as drawn did not evidence the true contract between the parties. The plaintiff further sought to recover for a loss under the policy as reformed, by a fire on the 16th October, 1866.

The defendant in its answer denied that any such mistake had been made, and alleged that in the application the word "therein" was not in writing but in print. It further alleged that plaintiff had not complied with the conditions of the policy limiting the time for serving proof of loss, and for bringing suit on the policy.

The action coming on for trial in its order at a general term of the court of common pleas for Ramsey county, a jury was impannelled and sworn. The plaintiff was called as a witness in his own behalf and testified that one Currier, representing himself to be the general agent of the defendant called upon him in June, 1865, accompanied by one Wood, also an agent of the company, and solicited a risk; that witness only knew of Currier's being such agent from his own representations, and from his doing business as such; that witness told them he was already insured in a Madison company; that at length he agreed to insure with defendant, provided its terms agreed with those of the Madison company: that he showed the Madison policy to Currier; that the Madison policy insured property anywhere on the farm, and that witness wished to

insure his property wherever it might be on the farm; that Currier agreed to insure in the same manner that the Madison company did; that Wood then wrote the application which witness signed without having read it; that he received the policy about two weeks afterward, but did not read it until after the fire, and then found the word "therein" written in it; that the Madison policy had been thrown away.

The plaintiff's counsel then offered in evidence a duplicate of the proof of loss, sworn to December 19, 1866, with the affidavit of Morris Lamprey endorsed thereon to the effect that on said day he mailed the original proof post-paid and directed to the company's office at Freeport, but the plaintiff testified that he did not know of the proof being mailed.

The plaintiff then testified as to the particulars of his loss, and his counsel offered the policy in evidence in order to show the description of the property therein, but the court ruled that as the plaintiff sought to reform the policy, it must be put in evidence as a whole, to which ruling plaintiff excepted.

The policy was then put in evidence. It contained a condition that proof of loss must be delivered at the defendant's office in Freeport within thirty days after such loss, and that no action should be sustainable upon the policy, unless brought within twelve months after loss, and further provided that any waiver of the conditions as to notice and proof of loss must be expressly made in writing, signed by the president and secretary of the company.

The plaintiff then offered to prove that Currier in behalf of the company had verbally waived the conditions of the policy as to the time of making proof of loss; that defendant had never returned the proofs mailed to it, nor made any objection thereto; and that prior to January, 1867, the company left this state and ceased to have a place of business therein.

These offers were severally objected to and the objections sustained, the plaintiff excepting.

The plaintiff then rested, whereupon the action was dismissed upon defendant's motion, and judgment was entered for the defendant, from which the plaintiff appeals.

LAMPREYS, for Appellant.

E. C. PALMER, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The appellant unites an equitable with a legal cause of action, viz.: to reform the policy and to recover for a loss under the policy as reformed.

The issue as to the former was triable by the court, subject to the right of the parties to consent, or of the court to order, that the whole issue, or any specific question of fact involved, be tried by a jury. *Gen. Stat. ch.* 66, *sec.* 197–8–9.

The case coming on in its order for trial in the court below, a jury was impanneled and sworn therein; but the case as settled does not show, that the parties consented, or that the court ordered, that the jury should pass on the issue as to the reformation of the policy or any specific question of fact involved therein, as was necessary to authorize them to do so. *Berkey vs. Judd,* 14 *Minn.* 394.

The appellant, however, introduced evidence to maintain the issues on his part as to both causes of action.

Under this state of facts there would be nothing for the jury till the court had first decided that the appellant was entitled to have the policy reformed.

He sought to reform it by striking out " therein" in the description of the property insured on the ground that both in the policy and his application, which by reference is made a part of the policy, the same occurs by the mistake and error

of the scrivener who wrote the written portion thereof, so that, in that respect, the said instruments do not truly express the agreement of the parties.

That the insertion of the words in question is the insertion of a material stipulation is evident.

Appellant had further to show that such insertion was contrary to the intention of both parties and under a mutual mistake.

Such mutual mistake must be clearly made out by satisfactory proof, by evidence clear of all reasonable doubt. *Story Eq. Juris. secs.* 152–157.

Taking appellant's statement to be true, that the application and policy do not, in the respect above mentioned, express the agreement, as he understood it, he had also to show that the respondent understood the bargain in the same way that he did. If for instance it supposed that the agreement was to insure his barn and grain therein, then the word "therein" was not, so far as it was concerned, inserted in the policy through any mistake; but the policy in that particular expresses just what it meant it to.

Though it be there contrary to his intention, that is, contrary to the intention of one of the parties, it is not there contrary to the intention of both, and therefore no mutual mistake is shown.

In insurance, as in all other contracts, it is essential that the minds of the parties meet; that they propose and mean the same thing in the same sense.

In the case above supposed, the appellant would mean one thing, and the respondent another. No contract, therefore, would exist between them which the policy through their mutual mistake failed to express, and there would be no ground for reforming it.

This is just where appellant leaves his case. Currier, he

says, agreed to insure in the same manner as the Madison Co. Suppose he did, and suppose that Wood made the mistake in the application. In filling it up he was appellant's agent, and it went to respondent as appellant's statement, and there is no evidence that it was informed, that it did not express his wishes. In issuing the policy in conformity to it, it intended to insure just what it described.

If it be said, that respondent was bound by Currier's agreement, that assumes that Currier had the authority to bind it; but, as to the extent of his authority we are left entirely in the dark.

He told appellant that he was defendant's general agent; but it does not follow that its general agent had authority finally to bind it. His authority may have extended only to making bargains subject to respondent's approval. His own statements would not of themselves prove that he was an agent. The fact that respondent issued the policy shows that he was an agent, but not that he had power to bind respondent, for *non constat* that it would have issued it on an application in the terms of appellant's bargain as he understood it.

But take it that Currier was authorized to bind the respondent, and that he supposed that the application expressed the bargain which appellant says he made, still it is not perceived how such a mistaken belief on his part can be said to be the belief of the respondent, who was ignorant of the real bargain.

The validity of a binding oral contract between appellant and Currier would not be impaired, indeed, by the issuance of this policy.

There would be no valid written contract, because, as to that, the minds of the parties had never met; but the appellant would not be without remedy. *Bunten vs. Orient Ins. Co.,* 8 *Bosw,* 448; *Kelly vs. Com. Ins. Co.* 10, *do.* 82.

We need not go into that, however, for the appellant has

not shown that any such contract ever existed, for he has not shown that Currier was authorized to make it.

. If he was not, there has never been any agreement whatever between appellant and respondent, unless (though as to that we need not inquire,) by not notifying the respondent that the policy did not conform to his bargain with its agent, appellant has estopped himself from denying that it did, which, of course, would be equally fatal to his. case.

Moreover as to the alleged mistake on appellant's part, the evidence is not of that clear, unequivocal, and satisfactory character, which the rules of equity require.

The contract alleged is quite singular in some respects, as, for instance, the agreement to insure household furniture anywhere on the farm.

If that were the agreement in the Madison policy, it would have greatly strengthened the case to have produced it. Appellant does not produce it, but says it was thrown away, and states its terms in the most loose and general way.

It is singular, to say the least, that appellant should not have read the policy, so far at least as to see what was insured by it, till after the loss, more than a year after he received it.

On the whole, the appellant's alleged mistake is not made out entirely to our satisfaction, the respondent's not at all.

As there is no ground to reform the policy, there is no cause of action upon it as reformed.

It is unnecessary, therefore, to consider the questions raised relative to the evidence introduced or offered on that issue. So far, however, as it was offered to prove a waiver of the conditions and provisions of the policy as to the proofs of loss and time of bringing suit, it is to be observed, that it lacks the essential element of proof of authority in Currier to waive those provisions. Granting, for example, that the stipulation that nothing shall be deemed a waiver, except it be in writing

signed by the president and secretary, may as well be waived as any other provision of the policy, where is the proof that Currier had the authority to waive it?

None can be implied from the silence of respondent, for, in the first place, the proofs were not made in time, and in the second place, there is no proof that respondent knew anything about Currier's doings.

The presumption is against any antecedent authority on his part to waive stipulations in a written contract, and unless the respondent knew what he had done, its not objecting would be no proof of ratification.    Its silence would be no estoppel, for, the proofs being out of time, appellant could not be misled or in any way injured thereby.

It may also be noticed that Mr. Lamprey's affidavit of the mailing of the proofs was not evidence to prove the fact, and that the appellant testified that he knew nothing as to the mailing of them.    Unless appellant gave some competent evidence tending to prove that respondent received the proofs, its silence could, of course, in no event be proof of waiver.

The ruling that, as the action was to reform the policy, appellant must offer it in evidence in whole was correct.

Judgment affirmed.