## THE HARTFORD FIRE INSURANCE COMPANY

*v.*

## WILLIAM H. WEBSTER.

1. INSURANCE—*premises vacated without notice according to condition.* Where a policy of insurance contained a condition that the same should be void in case the premises should become vacated, by the removal of the owner or occupant, for more than thirty days, without notice to the company, and its consent indorsed on the policy, and the premises were vacated January 12th thereafter, and so remained until February 13th, when they were destroyed by fire: *Held,* that the assured could not recover for the loss.

2. CONTRACT—*written contract can not be varied by parol agreement made before or at time of execution.* No rule of law is better settled than that the evidence of a contract can not exist partly in writing and partly in parol. Parol evidence is inadmissible to vary, enlarge, modify or contradict a written contract, by showing what was said in reference to it before or at the time of its execution.

3. What an insurance agent may say as to the effect or waiver of certain conditions in the policy of insurance while the contract is being made, can not be received to explain or vary the effect of the written contract.

APPEAL from the Circuit Court of Warren county·; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by William H. Webster against the Hartford Fire Insurance Company, upon a policy of insurance. The opinion states the facts of the case.

Mr. JOHN J. GLENN, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The policy upon which this suit is brought contains this, among other conditions :

"If the premises hereby insured become vacated, by the removal of the owner or occupant, for a period of more than

thirty days, without immediate notice to the company and consent indorsed hereon, * * * * * * then and in every such case this policy shall be void."

The evidence shows that the property insured, a dwelling house, was vacated on the 12th day of January, and thereafter remained unoccupied until it was destroyed by fire, on the 13th day of the ensuing February. There is no evidence that notice of this fact was given to the company, or that its consent was indorsed on the policy. The plaintiff, however, testified that the reason he did not notify the company that the premises were vacant and unoccupied was, because the agent of the company told him at the time the insurance was made, that it was not necessary to give notice if the house became vacant. The agent of the company swears that what he told the plaintiff was, that if the house was not vacant for more than thirty days, it was not necessary to give notice.

The court, at the instance of the plaintiff, instructed the jury upon this point that, "the neglect of Webster to give notice of the vacancy of the premises for more than thirty days, would not vitiate or avoid the policy, if the jury believe from the evidence that the defendant, or its agent, waived such notice at the time the policy was issued, or at any other time before the loss."

This instruction is clearly erroneous and should not have been given. No principle of law is better settled than that the evidence of a contract can not exist partly in writing and partly in parol. Whatever may have been said in reference to the contract between the parties, at the time of or prior to its execution, after it was reduced to writing parol evidence was inadmissible to enlarge, modify, or contradict its terms as expressed in the written instrument. The parties might, undoubtedly, by a subsequent agreement, modify or enlarge its terms by parol, but that was not the case here. What was relied on as an excuse for not complying with its terms, was said when the contract was being made, and is directly contradictory to it, as evidenced by the policy.

It may be that this condition is somewhat oppressive in its character upon the assured, still, as was said in *Hartford Fire Insurance Co.* v. *Walsh,* 54 Ill. 168, in reference to such conditions : "Between parties able to contract they have the right to insert them, and when inserted we must give them force and effect, although we may doubt the propriety of persons taking policies so burdened with conditions."

Under the evidence before us, the plaintiff was not entitled to recover, because he failed to give notice of the vacancy of the premises and obtain the company's consent, as required by the policy, and the policy was thereby forfeited.

For the reasons given, the court erred in overruling the motion for a new trial. The judgment is reversed and the cause remanded.

*Judgment reversed.*