CANDEE & Co. *v.* THE CITIZENS' INSURANCE Co.

*(Circuit Court, D. Connecticut. ——, 1880.)*

1. INSURANCE—POLICY—ORAL PROMISE—CUSTOM—EVIDENCE.

Motion for a new trial.

SHIPMAN, D. J. This is a motion for a new trial of an action at law upon an insurance policy. The case was tried

to the jury and a verdict was directed for the plaintiff. As the questions which are actually presented in the bill of exceptions are neither novel nor intricate, it is not necessary, in my judgment, to consider them at length. The questions are fourfold.

1. Was evidence admissible to show an oral promise or agreement, alleged to have been made by the plaintiff prior to the issuing of the policy and not inserted therein, that upon the future happening of a certain event the policy should become void? The policy was issued in accordance with the permission and authority conferred by the defendant. There was no mistake in its terms, which were clear and definite. The defendant did not intend to insert the oral condition in the policy. The policy did contain numerous express conditions, upon the happening of which it should become void. The decision in *Insurance Company* v. *Mowry*, 96 U. S. 544, is decisive upon the point.

2. Was evidence admissible of an alleged custom of insurance companies, alleged to have been known to the agent of the plaintiff, that upon the happining of a future event the policy should become void, which condition was not inserted among the numerous; detailed, and clearly-expressed conditions subsequent to the policy. This unexpressed condition was, in my opinion, inconsistent with the written terms of the contract, and was excluded therefrom by necessary implication, for the policy apparently fully expresses the terms upon which it was issued, and the conditions upon which it was to become void. It is not admissible to add to the carefully-drawn and accurately-defined provisions of an express contract, like an insurance policy, a new stipulation contained in an unexpressed custom. *Partridge* v. *Ins. Co.* 15 Wall. 573; *Oelricks* v. *Ford*, 23 How. 49.

3. Should the question of termination by mutual consent have been submited to the jury? It is not necessary to consider whether this defence was set up in the notice, for the evidence of termination by consent was so scanty that there was no real question to submit. *Pleasants* v. *Fant*, 22 Wall. 116; *Commissioners* v. *Clark*, 94 U. S. 278.

4. Nothing need be said in regard to cancellation, because, upon the defendant's testimony, the policy never was cancelled, even under the usages of insurance companies and agents in the city of New York.

The motion for a new trial is denied, and stay of execution is removed.