PHŒNIX INSURANCE COMPANY

V.

MARY M. MAXSON.

*Fire Insurance—Policy—Conditions—Breach—Vacancy—Waiver.*

1.  The knowledge of a husband of the conditions in a policy of fire insurance in his possession, the same covering his wife's property, is the knowledge of the wife, he acting as her agent.

2.  Where a policy already issued and delivered contains a condition which, by the terms of the instrument, can be waived only in writing and by a certain officer named, an attempted parol waiver by another does not bind the company. Nor is it competent to show that by a contemporaneous verbal arrangement made by a special agent of the company, another different and contradictory agreement was made which modified or altered the condition contained in the policy. Evidence of a contract can not exist partly in writing and partly in parol.

3.  If, when a policy is issued, given property is vacant, and the insurance agent states to assured, who has no knowledge or opportunity to know the limitation of the agent's authority, a vacancy would not affect the liability of the company, the policy is treated as having been issued with the vacancy clause stricken out, but not so where the statement is made after the issuance of the policy.

4.  Such company may not deny liability because of misrepresentation of title, where the condition thereof is known by both the soliciting and special agents of the company at the time of writing the policy.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Phœnix Ins. Co. v. Maxson.

This was an action to recover on a policy of insurance for loss by fire of a dwelling house.

It appears that on the 24th of July, 1885, Louis Weisenberger, being seized in fee of the land on which the house burned was situated, conveyed the same to one Gottlieb Most, his wife, Catherine, joining in the deed. Most subsequently conveyed to Catherine for the use of two minor children of herself and husband, Ludwig and John Weisenberger. On the 13th of June, 1887, the policy sued on was executed to the two minor children mentioned through the instrumentality of their father and the local agent of the insurance company, William Manahan.

During all this time Louis Weisenberger and his wife with their children occupied the dwelling house. This occupancy continued until the 31st of October, 1888, when they moved out, leaving the house vacant and unoccupied. It also appears that on the 17th of September, 1888, Louis and Catherine Weisenberger sold and conveyed the premises to appellee, Mary A. Maxson. The policy at that time had between three and four years to run, and appellee paid the sum of $25 for an assignment of it after consent therefor was duly indorsed thereon by the general agent of the company, at Chicago, in accordance with the condition of the policy.

On the evening of November 1, 1888, while the house was vacant and unoccupied it took fire and was destroyed. The company refusing to pay the loss a suit followed, resulting in a verdict and judgment in favor of appellee for $700.

Messrs. BENNETT & GREEN and J. E. McPHERRAN, for appellant.

The appellant had no notice of the alleged statements or acts of its district agent. The rule is that notice to a corporation must be to an officer or agent, charged under the law or by virtue of his office or agency, with respect to the matter about which notice is to be given. Talk with the district agent was not notice to appellant, touching the question of vacancy of the house; the policy showed Maxson that he was not the officer or agent who had power to deal with that question. It is quite immaterial, under the law, whether or

not a conversation took place between Maxson and the district agent.

" A local agent of a fire insurance company has no power, after the issuing of a policy, to waive a condition therein where the policy provides that such waiver shall be indorsed in writing on the policy by the general agent of the company. Any waiver of the conditions by a local agent, in such a case, shall be deemed null and void."

Again : " A local agent may bind the company before the issuing of the policy, but after the issuing of the policy the contract is concluded and the power of the local agent over it ceases. A waiver of the conditions can only be made by one having sufficient authority to make it, and such authority must be shown. Such has been the ruling of the courts." Barre v. Council Bluffs Ins. Co., 41 N. W. Rep. 373; Russel v. Cedar Rapids Ins. Co., 42 N. W. Rep. 655; Krudson v. Heckla Fire Ins. Co., 43 N. W. Rep. 954.

In this case, appellee did not show that the district agent had any authority to make the waiver of the conditions of the policy, nor that appellant had notice of any attempt, on his part, to exercise such authority. Moreover, the district agent disavowed his authority to act in that regard and denied that he attempted to do so.

If there had been evidence or proof that the appellant, by custom or otherwise, had departed from or sanctioned a departure from the rule requiring the waiver of the vacancy clause in its policies to be reduced to writing and signed by the general agent, a different question would arise. But the record is silent as to any such custom or course of business. Cleavinger v. Mutual Life Ins. Co., 3 N. W. Rep. 313.

The doctrine of equitable estoppel is based upon a fraudulent purpose and a fraudulent result. If the element of fraud is wanting, there is no estoppel. There must be deception practiced by the party sought to be charged, and a change of conduct in consequence thereof, to estop such a party from showing the truth. Davidson v. Young, 38 Ill. 146; Lambert et al. v. Borden, 16 Ill. App. 431.

The court held that a written consent was not necessary,

nor was it necessary that the waiver should be made by the general agent, as provided by the policy; but that the district agent was duly authorized to make the waiver as to vacancy by parol, and accordingly the fact was submitted. Now, if it had appeared in evidence that the district agent had therefore pursued such a course of dealing as to induce the appellant and others, known to her, to believe that he had authority and power to make such a waiver, then there might be some reason for holding that appellant would be estopped from denying the alleged waiver. Chicago Life Ins. Co. v. Warren, 80 Ill. 411.

In the case at bar, the district agent's duties were limited to soliciting insurance and appointing agents. He distinctly states that he had no power or authority to modify or vary the terms of a policy after the delivery of the same to the insured. No usage of a company, nor even the express agreement of its agents and the assured, whether made previous to or at the time of the execution of a policy, can be admitted to explain, modify or control the written contract. The assignee of a policy takes the contract subject to like limitations. Ill. Mutual Fire Insurance Co. v. O'Neile, 13 Ill. 89.

The local soliciting agent of an insurance company can not, without express authority, waive a forfeiture for breach of condition of policy. Queen Ins. Co. v. Young, 5 S. E. Rep. 116.

Where the act of the agent is in excess of his real authority, the burden is on the insured to show that it was within the apparent scope of his authority. Authority is not to be assumed from the mere declarations of the agent, nor can the agency be proved by the mere declarations of the agent, where the fact of the agent having the power to act, is put in issue. Miller v. Ins. Co., 27 Iowa, 203; Bush v. Ins. Co., 63 N. Y. 531; Ewell's Evans on Agency, 106.

The fact that A is authorized by a foreign insurance company to solicit insurance, to issue and deliver policies, receive premiums and deliver receipts for the company, does not, as a matter of law, constitute him a general agent to waive the conditions of the policy as to payment of premiums. Mersereau v. Phœnix Mut. Life Ins. Co., 66 N. Y. 274; Western

Mass. Ins. Co. v. Riker, 10 Mich. 279; Gerrish v. Maher, 70 Ill. 470; Hartford Fire Ins. Co. v. Smith, 3 Col. 422; Bryant v. Moor, 26 Mo. 84.

Mr. H. C. WARD, for appellee.

An insurance agent having power to receive premiums will be presumed to have authority to give permission to the holder of a policy to remove the property insured to another locality. It is sufficient that the party acting as agent was the authorized agent of the company. N. E. F. & M. Ins. Co. v. Schettler, 38 Ill. 166.

Right here it will be well to notice the fact that appellant contends that the district agent has no authority to waive any conditions in the policy; but where does the proof appear in the record? Appellant undertook to show by the agent himself that he was not vested with this authority. His only means of proving this was to show what authority he did have as district agent. This was undertaken, but signally failed, as it was shown that whatever authority was conferred was specified and evidenced in writing, and under objection, was properly excluded. Nor was it shown that appellee had any knowledge of the scope of the agent's authority, and had the right to presume and act upon the presumption that the authorized agent of the company, in all his doings and sayings, acted within the scope of his agency. No other rule could be tolerated in a court of justice. Ætna Ins. Co. v. Maguire et al., 51 Ill. 342.

I can not refrain from quoting the language of Judge Breese in the above case, where the principle stated is so well reasoned and argued. He says: "We desire it to be understood, in this jurisdiction at least, where an insurance company has appointed an agent, known and recognized as such, and he by his acts, known and acquiesced in by them, induces the public to believe he is vested with authority necessary to do the act, and nothing to the contrary is shown or pretended at the time of doing the act, public policy, the safety of the people, demand the company should be liable for such acts as appear on their face to be usual and proper in and about the

business in which the agent is engaged. It is the fault of the companies in sending agents out among the people, gaining public confidence by the seeming acquiescence of their constituents in the conduct of their business. When a loss happens they should not be permitted to say, in any case, their agent acted beyond the scope of his authority, unless it shall be made to appear the assured was informed of and knew the precise extent of the authority conferred. Any other principle, in its operation, would be turning loose upon an unsuspecting, honest and confiding people a horde of plunderers against which no ordinary vigilance could guard."

But, appellant will reply, the policy itself negatives any such authority on the part of the agent. Precisely. Let our courts answer.

"The notion that a corporation can only act under their corporate seal, and by their president and secretary, has become obsolete. Unless they may be bound by the acts and admissions of their officers and agents acting in the ordinary affairs of the corporation, so far as relates to the business usually transacted by such officers and agents, they would enjoy an immunity incompatible with the right of individuals and destructive of the objects of their creation." C., B. & Q. Ry. Co. v. Coleman, 18 Ill. 299; N. E. F. & M. Ins. Co. v. Schettler, 38 Ill. 166.

HARKER, J. In seeking a reversal of the judgment in this case, counsel for appellant present several points of contention.

We do not care to consider at length in this opinion more than one of them, and that is the one relating to the occupancy of the house at the time of the fire.

The condition of the title to the property was fully known both by the soliciting agent and the district agent at the time the policy was issued, and at the time it was assigned to Mary Maxson. While the policy runs to the minor children, Ludwig and John, it was in fact issued to John Weisenberger, whose money paid for it. Manahan so understood it. He wrote the application. Miller, the district agent, so understood it.

The company was not in a position to deny liability because of misrepresentation of title, or because the policy did not run to John Weisenberger. Had not the building been vacated at the time of the fire we should not hesitate to affirm the judgment.

It was provided by the policy that if the building insured should become vacant or unoccupied, the policy would be null and void, and that the only person authorized to waive that condition was the company's general agent at Chicago, and that in writing.

To avoid the effect of that condition, it was shown by testimony introduced by appellee that David L. Miller, the district agent, residing at Sterling, where the property was situated, when spoken to by the husband of appellee as to allowing the house to stand vacant, said that a vacancy of a period of not longer than thirty days would not avoid the policy. Miller, when introduced as a witness, denied making any such statement. In our view of the case it is not necessary to express any opinion as to whether he did or not. Miller had no authority to waive the condition. An authority could not be presumed because appellee had been advised by the terms of the policy of the only person authorized to waive it and the manner of waiving it. Her husband, who seems to have managed the entire business for her, had possession of the policy and opportunity to understand its contents before the making of the alleged statement by Miller. He knew the contents of the instrument before he saw Miller; he knew the terms of the contract and the limit of the agent's (Miller's) authority. This knowledge was the knowledge of his wife. The question of implied authority on the part of Miller is not in the case.

Where a policy, already issued and delivered, contains a condition which, by the terms of the instrument, can be waived only in writing, and by a certain officer named, an attempted parol waiver by another does not bind the insurance company. Nor is it competent to show that by a contemporaneous verbal arrangement made by a special agent of the company, another different and contradictory agreement was made which modi-

fied or altered the condition contained in the policy. Evidence of a contract can not exist partly in writing and partly in parol. Smith v. Price, 39 Ill. 30; Purinton v. N. I. R. R. Co., 46 Ill. 297; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 168; Hartford Fire Ins. Co. v. Webster, 69 Ill. 392.

It is claimed, however, by counsel for appellee, that the statement made by Miller was not in the nature of a contemporaneous verbal agreement, but an agreement made prior to the making of the contract of insurance between appellee and the company, and falls within that class of cases where an agent, impliedly authorized, prior to the time the policy is delivered, makes such modification of the written contract as to furnish an opportunity on the part of the court to treat the contract as if certain provisions were stricken out. The reason for the seeming departure from that well settled rule of law that all anterior verbal agreements are merged in the written contract, as explained in several of the cases falling within that class, is found in the fact that the assured had no knowledge of either the contents of the policy or the authority of the agent, and therefore had a right to rely upon all that was said by the agent. Such reason does not support the contention of appellee in this case. Before the making of the alleged statement by Miller, she had knowledge of the contents of the policy and the limitation of authority to waive the vacancy condition, or at least ample opportunity to possess herself of such knowledge. It is immaterial, then, whether the statement made by Miller was made during the time the parties were making the contract of insurance, or prior to that time.

There is a clear distinction between a case of verbal modification of a written condition contained in a policy of insurance with reference to a condition of things which exist at the time, and a case of such modification with reference to the future conduct of the parties. If, when the policy is issued, the property is vacant, and the agent states to the assured, who has no knowledge of nor opportunity to know the limitation of the agent's authority, that the vacancy will not affect the liability, the policy is treated as having been issued with the vacancy clause stricken out.

But if, when the policy issued, the property is occupied, and the agent states orally that as to future occupancy the vacancy condition need not be complied with, the statement is not binding and can not be relied upon, because the assured is notified by the language of the policy, that vacancy without permission will avoid the policy, and has the opportunity of protecting himself if he desires to have the property vacated.

In this case not only was the modification contended for with reference to the future conduct of the assured, other and different from the then existing state of affairs, but was made by an agent whom the assured had been notified had not authority to make such modification. Where the assured is notified of the limitation of the authority of the agent, the former can not rely upon the statements of the latter in excess of his authority. Wood on Insurance (2d edition), 841, 844, 845; May on Insurance (3d edition), Secs. 126, 127; Guernsey v. Ins. Co., 17 Minn. 111; Bouton v. Ins. Co., 25 Conn. 542; Ins. Co. v. Moury, 6 Otto, 544.

We do not care to express any opinion as to the contention of appellee that there was no such vacancy as is contemplated by the policy. An examination of the evidence and instructions show that the case was tried upon the theory that the vacancy condition had been waived.

It was error in the court to allow the testimony of the alleged waiver by Miller to go to the jury, and error to give instructions upon the subject of waiver. For those errors the judgment must be reversed and the cause remanded.

*Reversed and remanded.*