## NORTHWESTERN NAT. INS. CO. v. McFARLANE.

### No. 6377.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1931.

R. W. Palmer and Orrick, Palmer & Dahlquist, all of San Francisco, Cal., for appellant.

W. M. Conley, Philip Conley, Matthew Conley, and Conley, Conley & Conley, all of Fresno, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is an action brought to recover on a policy of fire insurance. At the time the building covered by the insurance policy was burned the property was vacant and had been vacant for several months, from March, 1929, to August 11, 1929, the date of the fire. The policy, a statutory standard form used in California (Stat. of Cal. 1909, p. 404), provided as follows: "Matters suspending insurance. Unless otherwise provided by agreement endorsed hereon or added hereto this company shall not be liable for loss or damage occurring * * * (f) while a building herein described whether intended for occupation by owner or tenant is vacant or unoccupied beyond the period of ten (10) consecutive days. * * * Such suspension shall not extend the term of this policy nor create any right for refund of the whole or any portion of premium, nor affect the respective rights of cancellation." Id. 406.

The question presented by the record is whether or not the occurrences at the time of an assignment of this policy from the previous owner to the appellee, who had purchased the property, and of the indorsement upon the policy of a rider recognizing such transfer and assignment, constitute a waiver of such provision in the policy or raise an estoppel against the appellant which preclude it from taking advantage of the fact that no vacancy permit was indorsed upon the policy.

It is also contended that the provision of the policy with reference to the vacancy of the premises was waived, by reason of the fact that more than ten days after the building became vacant a small fire loss occurred, and the appellant settled the loss without taking advantage of the fact that the building was vacant.

The case was tried before a jury and the error presented here by the appellant for our consideration is the denial of appellant's motion to instruct the jury to return a verdict for the appellant Insurance Company.

The testimony as to the occurrences involved is conflicting, but the action of the court in refusing to instruct the jury as requested must be determined from the viewpoint of the evidence most favorable to the plaintiff-appellee. Plaintiff testified that at the time of the transfer of the property to him he took the fire insurance policy, theretofore issued to the vendor, to Mrs. Johnson, a local agent of the appellant Insurance Company, residing at Clovis, Cal., and asked her to place an indorsement upon the policy recognizing transfer of ownership. This was done. He testified that at that time he told the agent that Mr. Rough, the previous owner, intended to move out of the building soon; that his daughter was sick and could not be moved then, but that the building would soon become vacant; that he then asked her if there was any necessity of attaching anything to that policy to keep it in force. She said, "No, not in an incorporated town with fire protection." Shortly thereafter, on March 18, 1929, the property became vacant; that he did not make an application for a vacancy permit, "Because she told me it was not necessary to have a vacancy clause on there. I knew at that time that Clovis was an incorporated city and had fire protection." The witness stated that he was familiar with the terms of the policy above referred to.

The effect of the indorsement of the assignment on the policy by the agent of the Insurance Company was to create a new contract between the Insurance Company and the appellee. Lee Blackmore, Inc., v. Lewelling (C. C. A.) 281 F. 952; Wilms v. N. H. Fire Ins. Co., 194 Mich. 656, 161 N. W. 940. It will be observed that the oral agreement between the parties, as testified to by the appellant, is in direct conflict with the express terms of the written policy. The policy provided that the insurance was suspended and not in force if the building were vacant more than ten days, while the oral agreement was to the effect that the policy was not suspended but continued in force during a longer vacancy. The action is brought not upon the policy as written, but upon the verbal agreement or understanding between the agent of the company and the owner of the property

insured at the time the written contract became effective as between them, as constituting a waiver of the written agreement, or as raising an estoppel against enforcing its provisions. Some contention is made in the briefs concerning the claim that the conversation referred to occurred after the indorsement of the assignment had been made upon the policy, and that therefore the subsequent conversation amounted to a waiver of the condition in the policy as theretofore issued. But we think that the evidence shows that the written and oral agreements were contemporaneous and should be considered as one transaction, regardless of whether the physical possession of the policy had passed from the agent to the appellee. It is conceded that a written agreement cannot be modified or affected by a contemporaneous oral agreement between the parties, conflicting with the terms of the writing, and this is the statutory law in California. (Cal. Code of Civ. Proc., § 1856.) That section is as follows: "An agreement reduced to writing deemed the whole. When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases. * * * " (The exceptions have no relation to the matter now under consideration.)

In a recent case before the Supreme Court (Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140) it had occasion to consider an alleged waiver of a warranty in the policy requiring a clear space of 100 feet around the lumber which had been insured, arising from the knowledge of the agent of the insurance company that such space did not exist. In dealing with that subject, the Supreme Court, speaking through Mr. Justice Holmes, stated the rule as follows: "When a policy of insurance is issued, the import of the transaction, as everyone understands, is that the document embodies the contract. It is the dominant, as it purports to be the only and entire, expression of the parties' intent. In the present case this fact was put in words by the proviso for the indorsement of any change of terms. Therefore when, by its written stipulation, the document gave notice that a certain term was insisted upon, it would be contrary to the fundamental theory of the legal relations established to allow parol proof that at the very moment when the policy was delivered that term was waived. It is the established doctrine of this court that such proof cannot be received. Northern Assur. Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Northern Assur. Co. v. Grand View Bldg. Ass'n, 203 U. S. 106, 107, 27 S. Ct. 27, 51 L. Ed. 109, 111; Conn. Fire Ins. Co. v. Buchanan, 141 F. 877, 883, 73 C. C. A. 111, 4 L. R. A. (N. S.) 758. See Penman v. St. Paul Fire & Marine Ins. Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493; Aetna Life Ins. Co. v. Moore, 231 U. S. 543, 559, 34 S. Ct. 186, 58 L. Ed. 356, 366. There is no hardship in this rule. No rational theory of contract can be made that does not hold the assured to know the contents of the instrument to which he seeks to hold the other party. The assured also knows better than the insurers the condition of his premises, even if the insurers have been notified of the facts. If he brings to the making of his contract the modest intelligence of the prudent man, he will perceive the incompatibility between the requirement of 100 feet clear space and the possibilities of his yard, in a case like this, and will make a different contract, either by striking out the clause or shortening the distance or otherwise, as may be agreed. The distance of 100 feet that was written into this policy was not a fixed, conventional formula that there would be trouble in changing, if the insured would pay what more, if anything, it might cost. Of course, if the insured can prove that he made a different contract from that expressed in the writing, he may have it reformed in equity. What he cannot do is to take a policy without reading it, and then, when he comes to sue at law upon the instrument, ask to have it enforced otherwise than according to its terms. The court is not at liberty to introduce a short cut to reformation by letting the jury strike out a clause."

The decision of the Supreme Court in this case cites with approval our decision in Kentucky Vermillion M. & C. Co. v. Norwich Union Fire Ins. Co., 146 F. 695, 700, wherein this court refused to consider evidence that the insurance company knew that the property was idle at the time the policy was issued, as a basis for the contention that the provision of the policy with reference to the plant being idle for more than thirty days was waived. It is clear from a consideration of this late decision by the Supreme Court, and a consideration of the decision of the Circuit Court of Appeals overruled by it (Rife v. Lumber Underwriters, 204 F. 32), and the decision cited in support thereof (Kentucky Vermillion M. & C. Co. v. Norwich Union

Fire Ins. Co., 146 F. 695, supra), that the Supreme Court is definitely committed to the proposition that mere knowledge by the insurance company of conditions which would constitute a breach and forfeiture thereof at the time of its issuance, does not operate as a waiver of the express terms of the written policy.

Does the statement of the agent in direct conflict with the known terms of the policy as to the result of future conditions not yet arisen change the principle involved, so that in such case there is a waiver or an estoppel? It is to be noted that promises and predictions or opinions of agents as to the result of a breach of the terms of the written policy are more definitely opposed to the rule prohibiting a modification of a written agreement by parol than are agreements or waivers of contemporaneous breaches of the contract, where the courts hold that there is a waiver of existing conditions by the issuance of policy with knowledge of such conditions, for the reason that otherwise the insurance would be void ab initio and the premium would be accepted without any consideration therefor. This difference is stated by the Appellate Court of Illinois in Phoenix Ins. Co. v. Maxson, 42 Ill. App. 164, 171, as follows:

"There is a clear distinction between a case of verbal modification of a written condition contained in a policy of insurance with reference to a condition of things which exist at the time, and a case of such modification with reference to the future conduct of the parties. If, when the policy is issued, the property is vacant, and the agent states to the assured, who has no knowledge of nor opportunity to know the limitation of the agent's authority, that the vacancy will not affect the liability, the policy is treated as having been issued with the vacancy clause stricken out.

"But if, when the policy issued, the property is occupied, and the agent states orally that as to future occupancy the vacancy condition need not be complied with, the statement is not binding and can not be relied upon, because the assured is notified by the language of the policy, that vacancy without permission will avoid the policy, and has the opportunity of protecting himself if he desires to have the property vacated.

"In this case not only was the modification contended for with reference to the future conduct of the assured, other and different from the then existing state of affairs, but was made by an agent whom the assured had been notified had not authority to make

such modification. Where the assured is notified of the limitation of the authority of the agent, the former can not rely upon the statements of the latter in excess of his authority. Wood on Insurance (2d Ed.) 841, 844, 845; May on Insurance (3d Ed.) secs. 126, 127; Guernsey v. Ins. Co., 17 Minn. 111 [Gil. 83]; Bouton v. Ins. Co., 25 Conn. 542; [Union Mut. L.] Ins. Co. v. Mowry, 6 Otto [96 U. S.] 544 [24 L. Ed. 674]."

To the same effect is the decision in McNierney v. Agricultural Ins. Co., 48 Hun (N. Y.) 239.

In Hartford Fire Ins. Co. v. Davenport, 37 Mich. 609, the Supreme Court of Michigan pointed out this distinction and refused to recognize such an agreement, statement, or promise with reference to a future vacancy. We quote from that decision as follows:

" * * * it is claimed in support of the ruling below, that the company is estopped from relying on this forfeiture. * * *

"This court has held in several cases that there may be waivers or estoppels which do away with the written conditions of a policy by reason of the conduct of the insurers inconsistent with reliance upon them. Peoria M. & F. Ins. Co. v. Hall, 12 Mich. 202; Westchester Ins. Co. v. Earle, 33 Mich. 144; North American Fire Ins. Co. v. Throop, 22 Mich. 147 [7 Am. Rep. 638]; Aurora F. & M. Ins. Co. v. Kranich, 36 Mich. 289.

"These cases, so far as they apply at all, relate to a knowledge by the company of existing facts at the time of their action, when such action would not be consistent with any idea that they were to be discharged from liability by reason thereof.

"But in this case the vacancy concerning which the parties conversed, if there was any such conversation, was one contemplated in the future, and the stipulation or understanding, if it amounted to anything, was an executory contract, intended to form a part of the contract of insurance. This being so, the doctrine cannot be admitted that any part of the completed contract can rest in parol. The policy was the conclusion of the bargain, and its acceptance would exclude any parol promises inconsistent with it. There is no resemblance between a parol variance of a written contract and a waiver of a condition after it has become binding on the parties."

To the same effect, with reference to a vacancy, is Hartford Fire Ins. Co. v. Webster, 69 Ill. 392; Rogers v. Phenix Ins. Co., 121 Ind. 570, 23 N. E. 498. There are authorities to the contrary, but our Supreme Court in the case of Northern Assur. Co. v. Grand

View Bldg. Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213, refuse, in an action at law, to allow proof of an oral agreement or statement by the agent made at the time the policy was issued with reference to future conditions. To the same effect: N. Y. Life Ins. Co. v. McMaster (C. C. A.) 87 F. 63, 69; Carpenter v. Providence Wash. Ins. Co., 16 Pet. 495, 10 L. Ed. 1044; Fitchburg Sav. Bank v. Amazon Ins. Co., 125 Mass. 431; Candee v. Citizens' Ins. Co. (C. C.) 4 F. 143; United Firemen's Ins. Co. v. Thomas (C. C. A.) 82 F. 406, 47 L. R. A. 450; Gray v. Germania Fire Ins. Co., 155 N. Y. 180, 49 N. E. 675.

It will be observed that the policy in the case at bar does not provide for a forfeiture in the event that the building is vacant. It merely undertakes to insure the building while it is occupied and during the first ten days of any period of vacancy. The policy says nothing about a vacancy permit. It makes the obligation of the company during vacancy dependent upon a written modification of the contract subsequently agreed to and indorsed on or added to the policy. It provides that the building is not insured when vacant for more than ten days. The effect of the verbal agreement was exactly the opposite. There was no waiver of a forfeiture, because the policy contained no provision for a forfeiture.

■ In addition to the foregoing considerations the policy expressly provided that it could not be modified except by written agreement, as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions and those hereinafter stated, which are hereby specially referred to, and made part of this policy, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except by writing endorsed hereon or added hereto, and no person, unless duly authorized in writing, shall be deemed the agent of this company." (Id., Stats. 1909, p. 404, 405.)

In Christian & Brough Co. v. St. Paul, F. & M. Ins. Co., 5 F.(2d) 489, 490, the Circuit Court of Appeals for the Fifth circuit, dealing with a similar clause, held that such a provision was valid and binding upon the insurer, stating: "Whatever may be the rule in other jurisdictions, the Supreme Court of the United States is firmly committed to the view

that, where a policy of insurance requires that a waiver by the insurer's agent be in writing, it is not permissible to show a waiver by parol agreement or course of dealing with its agent."

The same rule is applied by the Court of Appeals for the Sixth circuit in Home Ins. Co. v. Scott, 46 F.(2d) 10. The decision is to the same effect in Fire Ass'n of Philadelphia v. Nime, 9 F.(2d) 28, by the Circuit Court of Appeals of the Fifth circuit. To the same effect is the decision of the Circuit Court of Appeals of the Fourth circuit in Surratt v. Fire Ass'n of Philadelphia, 43 F. (2d) 467, 470, as follows: " * * * it is settled law in the federal courts that, where a policy provides that no officer or agent of the company shall have power to waive any of its terms or conditions except by written indorsement, knowledge on the part of the agent does not waive breach of the conditions nor estop the company from insisting upon forfeiture because of such breach."

In Hartford Fire Ins. Co. v. Nance (C. C. A. 6) 12 F.(2d) 575, there was under consideration the validity of an oral waiver due to the fact that the agent of the company was aware of the breach of the contract at the time of the issuance of the policy. It was held that although the law of the state in which the contract was written, as declared by its courts, recognized such a verbal waiver or estoppel, that in the federal courts, the question being one of general law, the rule was otherwise.

In Northern Assur. Co. v. Case (C. C. A.) 12 F.(2d) 551, 552, it was said: "In the federal courts, it is well settled that where, as in this case, the policy provides that no officer or agent shall have power to waive any of its terms, except by written indorsement, mere knowledge on the part of the agent issuing the policy does not waive breach of the conditions therein contained."

It seems clear from the foregoing authorities that the agreement of the agent, with reference to prospective vacancies being oral, and in direct conflict with the terms of the policy, was not binding upon the company, not only for the reason that evidence of an oral agreement contemporaneous with and in contradiction of a written agreement is not admissible to vary the terms of a contract, but also because it further appears from the contract itself that the agent of the company was not authorized to amend or vary the contract, except by a writing attached thereto or endorsed thereon.

The difference between the waiver of a past transaction and a future one may be illustrated by the situation presented in the case at bar arising from the payment of the first loss. The company paid such a loss under the policy occurring after more than ten days of vacancy. This payment, if made with the knowledge of that fact, as is contended by the appellant, was a waiver of the fact of vacancy and the payment made with full knowledge of the situation could not be recovered because of such waiver, but it does not follow that because the company was willing to pay a small loss during the period of vacancy beyond that specified in the policy, as the appellee contends, that it was thereby bound to pay a larger loss after a longer period of vacancy, or that it was thereby estopped from defending a claim made for the destruction of the building by fire, upon the ground that the policy did not cover the loss. We are not here dealing with the waiver of a past breach of the policy which would invalidate it in the future and leave the property without insurance, unless the waiver was held to estop the Insurance Company from subsequently setting up the very breach it had previously waived, as in the case of Arnold v. American Ins. Co., 148 Cal. 660, 665, 84 P. 182, 25 L. R. A. (N. S.) 6, cited by appellee, and in Lamberton v. Conn. Fire Ins. Co., 39 Minn. 129, 39 N. W. 76, 1 L. R. A. 222. This is not a case where the Insurance Company, by failure to terminate the contract, or declare a forfeiture, continued to enjoy benefits it would not otherwise be entitled to retain, such as was the situation considered by the Supreme Court in Union Mut. L. Ins. Co. v. Wilkinson, 13 Wall. (80 U. S.) 222, 20 L. Ed. 617, for the premium paid in the case at bar did not cover periods of vacancy beyond ten days.

Judgment reversed.