# LUMBER UNDERWRITERS OF NEW YORK. *v.* RIFE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 279.  Argued May 13, 1915.—Decided June 1, 1915.

If the insured can prove that he made a different contract from that expressed in the policy, he may have it reformed in equity, but he may not take the policy without reading it, and then in a suit at law upon it, ask to have it enforced otherwise than according to its terms.

A policy of insurance is a document complete in itself, and the fact that there is an endorsement stating that it is a renewal of a prior existing policy which had a provision for renewal therein has no bearing on the express terms of the instrument.

A provision in a policy of insurance prescribing an express condition cannot be varied by parol evidence to the effect that the insurer knew that the condition was being violated and had been violated during the existence of a prior policy of which the existing policy purported to be a renewal.

204 Fed. Rep. 32, reversed.

The facts, which involve the construction of a policy of insurance and the right to vary the terms thereof by parol evidence, are stated in the opinion.

*Mr. R. Lee Bartels* for petitioner.

*Mr. Caruthers Ewing* for respondent:

The policy in force when the fire occurred being a renewal of a previous policy, is but a continuation of the original contract of insurance. *Mallette* v. *Assur. Co.*, 91 Maryland, 471; *Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; *Martin* v. *Jersey City Ins. Co.*, 44 N. J. L. 273; 1 Cooley's Briefs on Ins., p. 849; *Ky. Vermillion Co.* v. *Norwich Co.*, 146 Fed. Rep. 695, distinguished.

The renewal premium was accepted by the insurer with full and complete knowledge of every fact now set up as invalidating the contract.

No waiver of a condition or provision of the policy could result from any fact known to the insurer's agent issuing the policy at the time the policy was issued— the agent being without express authority from the insurer to make the waiver and the written contract providing in substance against this result. *Northern Assur. Co. v. Bldg. & Loan Asso.,* 183 U. S. 308; *Penman v. St. P. F. & M. Ins. Co.,* 216 U. S. 311; *Ætna Ins. Co. v. Moore,* 231 U. S. 543; *Gish v. Ins. Co. of Nor. Am.* (1905), 16 Oklahoma, 59; *Ind. Mut. Indemnity Co. v. Thompson,* 10 L. R. A. (N. S.) 1064; *Sharman v. Con. Ins. Co.,* 167 California, 117.

The written contract whereby the assured agreed that a continuous clear space of 100 feet shall at all times be maintained between the property insured and any woodworking or manufacturing establishment cannot be varied by parol evidence that the assured was not to maintain such continuous clear space. See authorities *supra* and *Franklin Fire Ins. Co. v. Martin,* 40 N. J. L. 568; *Kupferschmidt v. Agrl. Ins. Co.,* 80 N. J. L. 441; *Ellison v. Gray,* 55 N. J. Eq. 581; *Keller v. L. & G. Ins. Co.,* 27 Tex. Civ. App. 102; *England v. Ins. Co.,* 81 Wisconsin, 583; *Shingle Co. v. Ins. Co.,* 91 Michigan, 443; *Ky. Vermillion &c. Co. v. Norwich &c. Co.,* 146 Fed. Rep. 695, but the effect of assured's failure to make this warranty good was to give the insurer the right to abrogate.

The insurer elected not to avoid the policy, but treated it as in full force and received new benefits therefrom, and became, as a matter of law, charged with its burdens. *Ins. Co. v. Wilkinson,* 13 Wall. 232; *Globe Mut. Ins. Co. v. Wolff,* 95 U. S. 326; *Insurance Co. v. Norton,* 96 U. S. 234; *Phœnix Ins. Co. v. Raddin,* 120 U. S. 183; *Iowa Ins. Co. v. Lewis,* 187 U. S. 335; *State Ins. Co. v. Murray,* 159

Fed. Rep. 408; *Murray* v. *State Ins. Co.*, 151 Fed. Rep. 539; *Ætna Ins. Co.* v. *Frierson*, 114 Fed. Rep. 56.

The waiver relied on was a waiver resulting from the mere knowledge of the agent. *Mill. Mut. Co.* v. *Mec. &c. Asso.*, 43 N. J. L. 652; *Martin* v. *Jersey City Ins. Co.*, 44 N. J. L. 273; *Redstrake* v. *Cum. Ins. Co.*, 44 N. J. L. 294; *Agri. Ins. Co.* v. *Potts*, 55 N. J. L. 158; *Ætna Ins. Co.* v. *Holcomb*, 89 Texas, 404; *Wagner* v. *Westchester Co.*, 92 Texas, 549; *Conn. Ins. Co.* v. *Cummings*, 98 Texas, 115; *Security &c. Co.* v. *Calvert*, 101 Texas, 128; *Eq. L. Assur. So.* v. *Ellis*, 105 Texas, 526; *Knoebel* v. *North American Co.*, 135 Wisconsin, 424; *Ramsey* v. *Travelers Ass'n*, 147 Wisconsin, 405; *O'Neill* v. *Northern Ins. Co.*, 155 Michigan, 564; *Laxton* v. *Patron Co.*, 168 Michigan, 448; *Hause* v. *Standard Ins. Co.*, 172 Michigan, 59; *Dahrooge* v. *Fire Assur. Co.*, 175 Michigan, 248.

The proposition advanced is that parol evidence, while not admissible to vary the terms of a written contract, is permissible and is usually the only evidence to be adduced to establish facts which show that the contract as originally written was subsequently altered, expressly or by necessary implication. *L. & L. Ins. Co.* v. *Fischer*, 92 Fed. Rep. 500; *Rochester German Ins. Co.* v. *Schmidt*, 151 Fed. Rep. 681; *State Life Ins. Co.* v. *Murray*, 159 Fed. Rep. 408; *Farmers' Feed Co.* v. *Ins. Co.*, 166 Fed. Rep. 111; *Met. Life Ins. Co.* v. *Williamson*, 147 Fed. Rep. 116; *Bennett* v. *Ins. Co.*, 70 Iowa, 600; *Hagan* v. *Ins. Co.*, 81 Iowa, 321; *Hamilton* v. *Insurance Co.*, 94 Missouri, 353; *Insurance Co.* v. *Covey*, 41 Nebraska, 724; *Insurance Co.* v. *Hammang*, 44 Nebraska, 566; *Allen* v. *Insurance Co.*, 123 N. Y. 6; *Morrison* v. *Insurance Co.*, 69 Texas, 353; *Kahn* v. *Insurance Co.* (Wyo.), 34 Pac. Rep. 1059; *Ala. Ins. Co.* v. *Long Clothing Co.*, 123 Alabama, 667; *Phœnix Ins. Co.* v. *Johnston*, 143 Illinois, 106; *Leisen* v. *St. P. F. & M. Ins. Co.* (N. D.), 127 N. W. Rep. 837; *Home Ins. Co.* v. *Marple*, 1 Ind. App. 411; *Glen Falls Ins. Co.* v. *Michael*,

167 Indiana, 659; *Gray* v. *Natl. Ben. Asso.*, 111 Indiana, 531; *Traders' Ins. Co.* v. *Letcher*, 143 Alabama, 400; *Phœnix Ins. Co.* v. *Hart*, 149 Illinois, 513; *N. Y. Life Ins. Co.* v. *Evans* (Ky.), 124 S. W. Rep. 376; *Glasscock* v. *Des Moines Ins. Co.*, 125 Iowa, 170; *Polk* v. *Western Assur. Co.*, 114 Mo. App. 514; *Horton* v. *Home Ins. Co.*, 122 N. Car. 498; *Mut. Life Ins. Co.* v. *French*, 30 Oh. St. 240; *German-American Ins. Co.* v. *Harper*, 75 Arkansas, 98; *Clay* v. *Phœnix Ins. Co.*, 97 Georgia, 44; *Union Nat. Bank* v. *Manhattan Ins. Co.*, 52 La. Ann. 36; *Schmurr* v. *State Ins. Co.*, 30 Oregon, 29; *Arnold* v. *Am. Ins. Co.*, 148 California, 660; *Insurance Co.* v. *Pankey*, 91 Virginia, 259.

Mr. Justice Holmes delivered the opinion of the court.

This is a suit upon a policy insuring lumber for one year from May 22, 1909. The policy contained a warranty by the assured that a continuous clear space of one hundred feet should be maintained between the lumber and the mill of the assured and also a provision requiring any waivers to be written upon or attached to the instrument. The lumber was burned during the year, but it appeared by the undisputed evidence that the warranty had been broken and the judge directed a verdict for the defendants. It appeared, however, that the policy was endorsed 'No. 27868 Renewing No. 27566,' and the plaintiffs offered to prove that pending the earlier policy the defendants had the report of an inspection that informed them of the actual conditions, showing permanent structures between where some of the lumber was piled and the mill, that made the clear space in this direction less than one hundred feet, and that with that knowledge they issued the present policy and accepted the premium. This evidence was excluded subject to exception. But it was held by the Circuit Court of Appeals that the jury should have been allowed to find whether the defendants had knowledge of the conditions and reasonable expectation that they would

continue and so had waived the warranty. For this reason the judgment was reversed. 204 Fed. Rep. 32; 122 C. C. A. 346.

When a policy of insurance is issued, the import of the transaction, as every one understands, is that the document embodies the contract. It is the dominant, as it purports to be the only and entire expression of the parties' intent. In the present case this fact was put in words by the proviso for the endorsement of any change of terms. Therefore when by its written stipulation the document gave notice that a certain term was insisted upon, it would be contrary to the fundamental theory of the legal relations established to allow parol proof that at the very moment when the policy was delivered that term was waived. It is the established doctrine of this court that such proof cannot be received. *Northern Assurance Co.* v. *Grand View Building Association,* 183 U. S. 308. *Northern Assurance Co.* v. *Grand View Building Association,* 203 U. S. 106, 107. *Connecticut Fire Ins. Co.* v. *Buchanan,* 141 Fed. Rep. 877, 883. See *Penman* v. *St. Paul Fire & Marine Ins. Co.,* 216 U. S. 311. *Ætna Life Ins. Co.* v. *Moore,* 231 U. S. 543, 559. There is no hardship in this rule. No rational theory of contract can be made that does not hold the assured to know the contents of the instrument to which he seeks to hold the other party. The assured also knows better than the insurers the condition of his premises, even if the insurers have been notified of the facts. If he brings to the making of his contract the modest intelligence of the prudent man he will perceive the incompatibility between the requirement of one hundred feet clear space and the possibilities of his yard, in a case like this, and will make a different contract, either by striking out the clause or shortening the distance, or otherwise as may be agreed. The distance of one hundred feet that was written into this policy was not a fixed conventional formula that there would be trouble in changing, if

the insured would pay what more, if anything, it might cost. Of course if the insured can prove that he made a different contract from that expressed in the writing he may have it reformed in equity. What he cannot do is to take a policy without reading it and then when he comes to sue at law upon the instrument ask to have it enforced otherwise than according to its terms. The court is not at liberty to introduce a short cut to reformation by letting the jury strike out a clause.

The plaintiffs try to meet these recognized rules by the suggestion that after a contract is made a breach of conditions may be waived, void only meaning voidable at the option of the insurers; *Grigsby* v. *Russell*, 222 U. S. 149, 155; that this policy was a renewal of a former one, and that the case stands as if, after the breach of warranty had been brought to the notice of the insurers, a premium had been paid and accepted without a new instrument. But what would be the law in the case supposed we need not consider as in our opinion it is not the one before us. The policy in suit is a document complete in itself. The endorsement that we have quoted is probably only for history and convenient reference. We see no ground for attributing to it any effect upon the contract made. The fact that the policy has a provision for renewal has no bearing, and we do not perceive how it would matter if the previous one had the same. No use was made of the clause. Therefore in our opinion the principles that we have laid down apply to the present case, *Kentucky Vermilion Mining & Concentrating Co.* v. *Norwich Union Fire Ins. Soc.*, 146 Fed. Rep. 695, 700, and the action of the District Court was right.

*Judgment reversed.*

The Chief Justice, Mr. Justice McKenna and Mr. Justice Day are of opinion that the Circuit Court of Appeals properly disposed of the case, and dissent.