## FIDELITY UNION FIRE INS. CO. OF DALLAS, TEX., v. KELLEHER.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1926.)

No. 4804.

1. **Insurance** ⟨⟩124, 646(1).

Terms of fire policy measure insurer's liability, and insured must prove he is within those terms to recover.

2. **Insurance** ⟨⟩282(2, 12).

Stipulation in fire policy that it shall be void, if insured's interest be other than unconditional and sole ownership, or subject of insurance be building on ground not owned by insured in fee simple, is reasonable, valid, and enforceable.

3. **Insurance** ⟨⟩376(2)—Where fire policy provided for waiver only by written indorsement, that insurer's local agent had notice before delivery of policy that insured was lessee and not owner in fee was immaterial.

Where fire policy provided that it should be void, if insured's interest was other than unconditional and sole ownership, or subject of insurance was building on ground not owned by insured in fee, and that no agent had power to waive any provision, except by writing indorsed thereon, *held*, that evidence that insurer's local agent had notice before delivery of policy that insured was lessee, and accepted premium with such knowledge, was inadmissible in action on policy.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Action by Cornelius Kelleher against the Fidelity Union Fire Insurance Company of Dallas, Tex. Judgment for plaintiff, and

defendant brings error. Reversed and remanded, with directions.

W. W. Hindman, of Los Angeles, Cal., for plaintiff in error.

Richard Dunnigan, of Los Angeles, Cal., for defendant in error.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

HUNT, Circuit Judge. This was an action to recover upon a policy of fire insurance issued by plaintiff in error, insuring a building, while occupied as a merchandise store and dwelling, and the merchandise and effects therein, against loss by fire. The insurance company denied liability for the reason that the building was on leased ground, and therefore that the policy was void. The court found in favor of the plaintiff below.

The policy contained the following stipulation: "Unless otherwise provided by agreement indorsed hereon or added hereto, this entire policy shall be void * * * (b) if the interest of the insured be other than unconditional and sole ownership; or (c) if the subject of insurance be a building on ground not owned by the insured in fee simple."

The stipulated facts are that plaintiff, at the time of the issuance of the policy and at the time of the fire which destroyed the building and contents, owned and possessed the property described in the policy sued on; that at the times mentioned he was not the owner in fee simple or otherwise of the ground upon which his property was situated, but leased it and occupied the premises for the purposes mentioned in the policy: that on and prior to June 21, 1924, one Goodwin was the local agent of the defendant company, and was authorized and empowered by it to solicit insurance and countersign and deliver policies of insurance of the company; that on June 21, 1924, at Los Angeles, Cal., in consideration of the payment of a premium of $80, accepted by the company through its agent, Goodwin, the company made and delivered to plaintiff its policy of insurance, covering all the property mentioned in the policy and in the complaint; that before the issuance and delivery of the policy plaintiff informed the agent, Goodwin, that he was not the owner of the ground upon which the insured property was situated, but occupied and possessed it under a lease from the owner, but that the agent did not notify the company of the fact, and no agreement in relation thereto was indorsed upon the policy or added thereto. It is further stipulated that upon the trial, over objections of the company, plaintiff was permitted to testify to the giving of the information concerning ownership to the agent before the issuance of the policy.

[1] The question for decision is whether the parol testimony was admissible. Following the steadily adhered to decisions of the Supreme Court, it is seen that the present case is directly within the well settled rule of the federal courts, that the terms of the policy are the measure of the liability of the insurer, and that, to recover, the insured must prove that he is within those terms. In Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231, the court said: "It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consists simply in enforcing and carrying out the one actually made."

[2] The provision that, unless otherwise provided by agreement indorsed upon or added to the policy, the "entire policy shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," was a reasonable and perfectly legal stipulation, and, as it has been herein agreed that the ground on which stood the building, the subject of insurance, was not owned by the insured at the time the policy was taken out, and as it was not shown that there was any agreement or modification of the provision with respect to ownership indorsed on the policy or added thereto, the conditions plainly expressed are binding and must be enforced.

[3] We cannot sustain the ruling admitting parol evidence that the local agent, Goodwin, before delivery of the policy, knew of the actual ownership of the ground, and with such knowledge accepted the premium, although the company was not informed of Goodwin's act. Such evidence would be in violation of the written provision that no agent or other representative of the company should have power to waive any provision or condition of the policy, except by writing indorsed on the policy or added thereto. In the terse sentences of Justice Holmes in

Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140: "When a policy of insurance is issued, the import of the transaction, as every one understands, is that the document embodies the contract. It is the dominant, as it purports to be the only and entire, expression of the parties' intent. In the present case this fact was put in words by the proviso for the indorsement of any change of terms. Therefore, when by its written stipulation the document gave notice that a certain term was insisted upon, it would be contrary to the fundamental theory of the legal relations established to allow parol proof that at the very moment when the policy was delivered that term was waived. It is the established doctrine of this court that such proof cannot be received. * * * There is no hardship in this rule. no rational theory of contract can be made that does not hold the assured to know the contents of the instrument to which he seeks to hold the other party. The assured also knows better than the insurers the condition of his premises, even if the insurers have been notified of the facts." We applied this principle in Boston Insurance Co. v. Hudson, 11 F.(2d) 962, and must follow it in the present case.

The judgment is reversed, and the cause is remanded, with directions to proceed as indicated in this opinion.

Reversed and remanded.