# FORKNER v. TWIN CITY FIRE INS. CO.

Circuit Court of Appeals, Sixth Circuit.
May 12, 1927.

No. 4758.

1. **Reformation of instruments** ☞36(3)—Bill stating that terms of insurance contract permitting additional insurance and operation of gasoline engine were omitted from policy by mistake, held to sufficiently allege mutual mistake.

Bill stating that contracts of fire insurance were entered into, and that terms allowing additional insurance and operation of gasoline engine were by mistake omitted from written policies, *held* to sufficiently allege mutual mistake, warranting reformation, though bill contained some surplusage.

2. **Insurance** ☞143(3)—Fire policy, prohibiting additional insurance and use of gasoline engine without written consent, may be reformed to conform to oral agreement with insurer's agent.

Fire policy, prohibiting additional insurance and use of gasoline engine without written consent of insurer, may be reformed to conform to oral agreement of insurer's agent to permit use of engine and additional insurance, which agreement was omitted by mistake from policy, since suit to reform is not on policy.

3. **Insurance** ☞383—Stipulation that terms of insurance contract cannot be changed, except in writing, is valid.

It is competent for parties to contract of insurance to stipulate that its terms cannot be waived or changed, except in writing, and insured cannot prove different contract in action on such policy.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by C. T. Forkner against the Twin City Fire Insurance Company. From a decree dismissing the bill, complainant appeals. Reversed.

Dwight L. Pendleton, of Winchester, Ky. (Valentine W. Bush, of Winchester, Ky., on the brief), for appellant.

Beverley R. Jouett, of Winchester, Ky. (John T. Metcalf, of Winchester, Ky., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and KILLITS, District Judge.

MOORMAN, Circuit Judge. On motion of defendant, the District Court for the Eastern District of Kentucky dismissed a bill in equity wherein complainant sought to reform two fire insurance policies to conform, as he alleged, to agreements that he had made with the agent of the defendant company. The policies contained provisions rendering them void if a gasoline engine was used in or within 15 feet of any building described in the policies, "unless the written consent of the company is obtained and the additional premium charge made therefor," or if additional insurance was procured on the property, unless permitted by "agreement indorsed" on the policy. They also contained provisions to the effect that no officer, agent or other representative of the company should "have power to waive any provision or condition of this policy except such as by the terms of this may be subject of agreement indorsed hereon or added hereto." The bill alleged that when the contracts of insurance were entered into it was agreed and understood between the parties thereto that complainant would be permitted to maintain and operate a gasoline engine on the property; that it was further agreed between them that complainant would be permitted to take out additional insurance on the hemp and tow covered by the policies, without restriction as to amounts; and that, through mistake, inadvertence, and oversight, the agent of defendant failed to indorse or write into the policies the agreements so made.

[1] The lower court held that the averments of the bill failed to state grounds for equitable relief. This position is defended by the insurance company on the ground that, though the bill alleged that it was agreed and understood that complainant would "be permitted to continue to operate said gasoline engine" and "to take out additional insurance," it was not alleged that defendant agreed to make such conditions effective by indorsements on the policies—the only way its agent could effectively agree to them—and therefore, notwithstanding the allegations of the bill, no such binding agreements as alleged therein were or could have been made. It is also argued that the bill did not sufficiently allege a mutual mistake warranting reformation. This latter interpretation, we think, is entirely too narrow, for, while the bill contains some surplusage, it plainly states that contracts of insurance were entered into, the terms of which, respecting the operation of the engine and the taking out of additional insurance, were by mistake omitted from the written contracts or policies.

[2] Upon the theory that the bill sufficiently alleges mistake on the part of the insured, counsel for the insurance company argue that grounds for reformation are not shown, because it was not alleged that the local agent agreed to the conditions which complainant seeks to have incorporated into the policies, and whether so or not, he had no authority to agree to them, except in the specific way of indorsement, and, having failed to make the

indorsements, no such contracts as alleged were made. We think the bill alleges agreements to make the indorsements or otherwise incorporate the conditions into the policies. Furthermore the argument erroneously assumes that the policies as written constitute the contracts; it is built upon the theory that such agreements, if made by the agent, would have been waivers, which were not permitted under the terms of the policies except by written indorsement; and it ignores the fact that the complainant is not suing on the policies, or claiming that they constitute the contracts, but is seeking to have incorporated into them terms upon which he and the local agent agreed.

[3] There is no question of waiver or estoppel involved. The authorities relied upon by the insurance company, beginning with Northern Assurance Co. v. Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213, and including, among others, Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140, and Fire Insurance Co. v. Transfer Co. (C. C. A.) 3 F.(2d) 784, with the exception of Insurance Co. v. Handley (C. C. A.) 296 F. 902, pertain to actions brought upon policies, and not to suits to reform them. Those cases all hold, and it is now the settled rule in the federal courts, that it is competent for the parties to a contract of insurance to stipulate that its terms cannot be waived or changed, except in writing, and that an insured cannot, in an action on such a policy, prove that he made a contract different from that expressed in the policy. We had occasion to consider that question recently in Fire Insurance Co. v. Nance, 12 F.(2d) 575, and Hartford Fire Insurance Co. v. Jones, 15 F.(2d) 1, and we have no disposition to depart from what was said in those opinions. It is not to be taken, however, from what they decide, following the Rife and other cases, that because the insured may not, in an action on a policy, introduce evidence to vary its written terms or prove an agreement different from that embodied in the policy, he may not have the policy reformed so that it will express the true agreement. That was precisely what was done in the Northern Assurance Co. Case in a later proceeding, 203 U. S. at page 106, 27 S. Ct. 27, 51 L. Ed. 109, as we pointed out in the Nance Case.

This is a suit, as we have said, to reform insurance contracts and make them conform to parol agreements. Complainant does not sue on the policies, or claim that, as written and delivered to him, they are the contracts; what he claims is that they are not the contracts. To say in a suit of this kind that because certain terms and conditions agreed upon were not put in the form prescribed by the insurance company shows that its soliciting agent had no authority to agree to them is equivalent to saying that no contract could be reformed if it contained a provision, as many insurance and other contracts do, that no agreement made by the parties should be in any wise binding upon them unless written into the contract. The bill shows that the contracts were made by an accredited agent of the company, having authority to agree—certainly by indorsement—to additional insurance and the maintenance and operation of an engine on the premises. Except for the provisions in the printed forms of the policies now relied upon by the company, no question could be made as to the right of the complainant to do the things that are alleged to have vitiated the policies.

Those provisions, constituting exceptions to the scope of the policies, were clearly, under the averments of the bill, never agreed upon. The policies were intended to express the true agreements. If, as complainant alleges, they failed to do so, it is inconceivable that a court of equity is powerless to reform them, because of provisions therein, never agreed upon by the parties or thought by them to be abrogated by other agreements. The suggested lack of authority in the agent, arising from the provisions themselves, looks, as we have indicated, to the form and not the substance of the contracts, since it appears from the bill that the authority certainly existed in the form of indorsement. Under this restricted view, it is obvious that, as the agent had authority in that form, and, as alleged in the bill, made the contracts, reformation upon a proper showing may be adjudged against his principal. Such a showing, we think, is made in this bill, which does not of itself disclose such laches upon the part of complainant as would defeat a recovery. Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Ackerlind v. United States, 240 U. S. 531, 36 S. Ct. 438, 60 L. Ed. 783.

Judgment reversed.