### KONINKLIJKE NEDERLANDSCHE STOOM-BOOT MAATSCHAPPIJ v. YGLESIAS & CO., Inc.

District Court, S. D. New York. January 3, 1930.

Bigham, Englar, Jones & Houston, of New York City (James N. Senecal, of New York City, of counsel), for the motion.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Ray Rood Allen and Burton H. White, both of New York City, of counsel), opposed.

WOOLSEY, District Judge. This motion is denied.

A motion to dismiss is the modern equivalent of a demurrer and involves, as a demurrer did, the implication that the allegations of the complaint are true. So assuming, I think that the plaintiff has stated a cause of action for reformation of the contract of carriage on the ground of mutual mistake or negligence on the plaintiff's part combined with fraud on the part of the defendant. Providence Engine Co. v. Hathaway Mfg. Co. (C. C.) 79 F. 512; Forkner v. Twin City Fire Ins. Co., 19 F.(2d) 419 (C. C. A. 6).

The second ground for dismissal, that the plaintiff has an adequate remedy at law, was obviously wrong, but as modified in the defendant's brief to what is in effect a claim that there is an adequate remedy in admiralty, it is not strengthened, for admiralty has not any jurisdiction to reform a contract. Meyer v. Pacific Mail S. S. Co. (D. C.) 58 F. 923; United Transp. & L. Co. v. New York & Baltimore Transp. Line, 185 F. 386, 390 (C. C. A. 2).

The practice of estoppel which defendant claims might be followed in admiralty to prevent a recovery in the admiralty case is not wholly clear to me, and would not, I think, be so reliable as fairly to deserve the epithet "adequate." Cf. The Delaware, 14 Wall. 579, 605, 20 L. Ed. 779.