## TAYLOR et al. v. AMERICAN LIABILITY CO.

No. 5685.

Circuit Court of Appeals, Sixth Circuit.

April 10, 1931.

J. Smith Hays and D. L. Pendleton, both of Winchester, Ky. (M. C. Redwine, V. W. Bush, and H. T. Lisle, all of Winchester, Ky., on the brief), for appellants.

B. R. Jouett, of Winchester, Ky. (John T. Metcalf and Jouett & Metcalf, all of Winchester, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and HICK-ENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This was originally an action by the insurer to cancel a policy of automobile liability insurance because of misrepresentations material to the risk in the schedule of warranties. The defendant filed his answer and by counterclaim also sought judgment for a policy loss which he is alleged to have suffered. When the case was called for trial, the two issues, at law and in equity, were submitted together, a jury being waived by stipulation as to the issue at law, i. e., the counterclaim. The "Decree" held that the complainant was entitled to cancellation, which was granted, and further held that the defendants "are not entitled to recover anything from this complainant upon their Answer and Counterclaim * * * presented in this action." Since the latter holding must necessarily follow as a result of or concomitant to the first, we treat the appeal as one in equity, and the only question raised as that of a right in the insurer to cancellation.

The schedule of warranties, being part 6 of the policy, contained the following: "8. During the past three years * * * no accident has been caused by an automobile owned or driven by Assured; nor any claim made against Assured as the result of an automobile accident except—No exceptions;" and "9. During the past three years no company has refused to issue Automobile Insurance to the Assured, nor cancelled any insurance after issued, except—No exceptions." It is not disputed that these representations were material to the risk and that the answers were false. The defense is that the soliciting agent made no inquiries whatever with reference to this subject-matter, but himself inserted the answers knowing them to be false, and that the insured did not read the policy nor know of the representations which he was apparently charged with making.

This defense cannot prevail. The case is, we think, controlled by our decisions in Columbian Nat. Life Ins. Co. v. Harrison (C. C. A.) 12 F.(2d) 986, and Maryland Casualty Co. v. Eddy (C. C. A.) 239 F. 477. The policyholder is held strictly to knowledge of the contents of his policy (New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 534, 6 S. Ct. 837, 29 L. Ed. 934; Lumber Underwriters v. Rife, 237 U. S. 605, 609, 35 S. Ct. 717, 59 L. Ed. 1140; Wyss-Thalman v. Maryland Casualty Co., 193 F. 55 [C. C. Pa.]; Conner v. Manchester Assur. Co., [C. C. A. 9] 130 F. 743, 70 L. R. A. 106; Louis P. Hyman & Co. v. U. S. Cast Iron P. & F. Co., 225 Ky. 510, 9 S.W.(2d) 226; Metropolitan Life Ins. Co. v. Freedman, Exec., 159 Mich. 114, 123 N. W. 547, 32 L. R. A. (N. S.) 298; the cases already cited from this circuit, and many others), and retention of it constitutes an adoption of the application and of the representations upon which such policy was issued. Nor is knowledge of the soliciting agent of the falsity of the answers to be imputed to the principal. By so falsifying the application or schedule of warranties, if such was the fact, the agent would make himself a party to a fraud upon the company, and his knowledge is not then to be imputed to the principal, although under the statutes of some states, not applicable here, the defense may not be available to the insurer. See New York Life Ins. Co. v. Goerlich, 11 F. (2d) 838 (C. C. A. 6); Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; and compare: Thomson-Houston Elec. Co. v. Capitol Elec. Co., 65 F. 341 (C. C. A. 6), and Kean v. National City Bank, 294 F. 214, 219, et seq. (C. C. A. 6).

Affirmed.