## OCEAN ACCIDENT & GUARANTY CORPORATION, Limited, v. SCHROEDER.

### No. 5664.

Circuit Court of Appeals, Sixth Circuit.
April 17, 1931.

S. D. L. Jackson, Jr., of Toledo, Ohio (Tracy, Chapman & Welles, of Toledo, Ohio, on the brief), for appellant.

Lee H. Schminck, of Toledo, Ohio (H. Thane Bauman and James H. Baker, both of Adrian, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This is an action brought under Ohio General Code, § 9510-4 by the administrator of one killed in an automobile accident to recover against an alleged insurer. Appellant issued its policy of public liability automobile insurance to the Rentacar Company of Toledo, Ohio, which company was engaged in the business of renting so-called "driverless" cars to members of the public. By special indorsement No. 1 coverage was extended "to indemnify in the same manner and under the same conditions as the named Assured is indemnified thereunder any person or persons hiring. 'driverless' cars from the named Assured * *. * but the coverage is not hereby extended to any individual to whom the recorded hirer of a car may extend permission to use it." By another special indorsement (No. 3) it was provided that, notwithstanding special indorsement No. 1, "it is understood and agreed that in the event that the person hiring an automobile from the Assured violates any of the provisions of the contract entered into with the Assured at the time the car is rented, this policy shall not cover such additional Assured *on account of said violation.*" [1] It was in contemplation of the parties that insurance by the renters of cars was to be optional with them, and if they elected to take it a fee was charged and collected therefor. The sole question here presented is whether one George C. Arend,

[1] All italics are ours throughout the opinion.

who rented a car on November 17, 1925, and then elected to accept insurance coverage, was in fact covered by appellant's policy, or whether he was to be excluded from the protection of such policy because of violation of his contract with the Rentacar Company. The pertinent parts of the contract between Arend and the Rentacar Company are printed in the margin.[2]

As a matter of fact Arend never could and never did drive the cars he rented. There is evidence that on the occasion of his first rental, some twenty-one months before, he was asked who intended to drive. His reply was that his companion, a Mr. Dugan, would drive, to which the representative of the company responded, "Oh, you are just renting the car." Cars were rented by Arend from time to time thereafter, and on each such occasion Arend brought with him a capable driver, usually a Thomas F. Kaucher, who was seen by representatives of the company to drive the car out and later return it, no question being raised at any time as to the propriety of such action.

■ The only contention now urged by appellant is that the written contract, comprising both the policy with its several indorsements and the agreement between Arend and the Rentacar Company, must be regarded as the sole contract between the parties, that the terms of such contract may not be varied by parol, but are binding upon Arend as written, and that by the terms of indorsement No.

[2] "2. Lessee states that he has driven automobiles for some time, is careful, experienced driver, is familiar with the starting and operation of Ford, Overland, gearshift cars, and is able to change tires; and he agrees personally to inspect, and test, immediately upon delivery, each car that he leases from the Company, and if same is not found to be in good working order, to reject and return same forthwith; otherwise to be personally responsible for all damages resulting from his use thereof, except as herein provided, and to release and hold the Company harmless therefrom.

"3. Lessee agrees to use cars for legitimate purposes only, not to sublet car nor permit anyone else to drive same (without the signed permission of the Company), not to teach anyone to drive, using said car; he agrees to observe the rated capacity of the cars he rents; to operate same in a careful, prudent manner; * * * he agrees to observe the legal speed limit (not over 20 miles per hour with new cars driven less than 500 miles), not to transport passengers for hire nor drive cars while under the influence of intoxicating liquor in any degree whatsoever, nor to act in violation of any Federal, State or City laws. * * *

"4. Insurance as of date of this contract, protecting Lessee against liability, imposed by law, resulting from the use of the Company's cars, is as follows:

"(a) Liability—For bodily injuries accidentally sustained by one or more persons (not in Lessee's employ) not exceeding $10,000."

3 Arend had forfeited his insurance, if any he ever had (1) because of breach of the representation that he was an "experienced driver," and (2) because of breach of the provision that he would not "sublet car nor permit anyone else to drive same." Obviously, if Arend could not recover upon the policy, the injured person could not do so by subrogation to Arend's rights. Stacey v. Fidelity & Casualty Co. of N. Y., 114 Ohio St. 633, 151 N. E. 718.

■■ It is not contended that the provision in the Rentacar contract that the lessee would operate the car "in a careful and prudent manner" was effective to eliminate insurance protection in all cases of simple negligence. Perhaps there would be an implied fraud in selling a policy which in no case could cover the principal purpose for which it was manifestly sold; but be that as it may, counsel distinctly disclaimed this aspect of defense at the oral argument, and it does not appear from the evidence that the liability of Arend may not have been predicated solely upon driving the car with knowledge of some mechanical defect, such as inefficiency of the brakes, with which the *manner* of driving had nothing to do. Nor is it claimed that Kaucher was not a careful and experienced driver. The contention is that the policy covered a renter, under the standard Rentacar contract, only if and when such renter was himself driving the car.

Conceding for the purposes of this opinion that the knowledge of the Rentacar officials that Arend did not intend to drive the car himself when he signed the contract, and customarily did not do so, and the failure to object to his employing Dugan or Kaucher for such purpose, would not constitute a waiver of the requirement that he would not permit any one else to drive it (Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140), we are still of the opinion that this employment of a chauffeur, as it were, was not such a breach as would forfeit the policy. Neither the insurer nor the Rentacar Company was concerned with aught but the ability of the driver. Such ability is not here questioned. By indorsement No. 1 coverage was not extended to Kaucher, but under the facts here presented we are constrained to the opinion that the phrase "to whom the recorded hirer of a car may extend permission to use it," of that indorsement, and the agreement not to "sublet car nor permit anyone else to drive same," of the Renta-

car contract, are both directed at the same evil, that of turning the car over to another, of parting with the possession of it, or of placing it in the control of one who is an inexperienced driver. Neither was intended we think, to negative the right to employ a competent chauffeur, with the knowledge and consent of the Rentacar Company (although unwritten), and we are of the opinion that such knowledge on the part of that company of the custom universally followed by Arend when renting cars, even if not sufficient to establish a complete waiver, was at least sufficient to show the acceptance of Kaucher as chauffeur under the maxim qui facit per alium facit per se, practically to the same extent as if he had been supplied by the company itself, in which case none would doubt that the company would be estopped to assert breach of contract. Apparently both the representation and promise were so understood, and, when so considered, neither was breached.

Equally compelling is the fact that indorsement No. 3 provides that, in case of violation of any of the provisions of the Rentacar contract, "this policy shall not cover such additional Assured *on account of said violation.*" We construe the portion above italicized as meaning "as to injury or damage caused by such violation." Only so construed has the phrase any purpose or meaning in the instrument. But the employment of Kaucher as driver for and in the presence of Arend and under his supervision, and with the knowledge and tacit consent of the Rentacar Company, was in no sense the cause of the accident. Had Kaucher not been an experienced driver, had Arend sublet or turned the car over to him for his own purposes, had Arend, being inexperienced, attempted to drive the car himself, or had other of the agreements been violated, our decision might have been entirely different. Then the violation might well be said to have caused the accident. Here a condition only was created, and one which was apparently entirely acceptable to the Rentacar Company. If the employment of Kaucher to drive the car can in any true sense be said to have been a violation of the contract, it still cannot be said to have been a proximate cause of the accident, for the reason that no probability of injury could reasonably have been anticipated to follow, all circumstances considered. Thus the coverage remains in force.

The judgment of the District Court is affirmed.