CINEMA SCHOOLS, Inc., et al., v. FEDERAL UNION INS. CO.

No. 4172.

District Court, S. D. California, Central Division.

June 25, 1932.

Francis D. Adams, of Hollywood, Cal., Walter A. Ham, of Los Angeles, Cal., and Robert Clifton, of Hollywood, Cal., for plaintiffs.

Hindman & Davis, of Los Angeles, Cal., for defendant.

KNOX, District Judge.

This is a companion case to Cinema Schools, Inc., v. Westchester Fire Ins. Co. (D. C.) 1 F. Supp. 37. The facts involved in the two suits are identical, except that here the chattel mortgage discussed in the Westchester Fire Insurance Company opinion was in existence at the time the present defendant issued its policy of insurance. As a result, plaintiffs take the position that since no inquiry was made by defendant prior to the issuance of its policy, the stipulation against chattel mortgages was thereby waived. An examination of the adjudicated cases discloses this contention to be without substantial foundation. In Boston Ins. Co. v. Hudson (C. C. A.) 11 F.(2d) 961, action was brought on a California standard form fire insurance policy, containing a provision, as in the case at bar, that the policy should be void, if the interest of the insured were other than unconditional and sole ownership.

The insurer or its ·agent had notice, before loss, of breach of this condition. Nevertheless, the court held that there was no waiver of the breach because the policy provided that no representative of the insurer had power to waive any provision of the policy except by written indorsement. Similarly, in the case of Fidelity Union Fire Ins. Co. v. Kelleher (C. C. A.) 13 F.(2d) 745, the same court held it to be immaterial that the insurer's local agent had notice before delivery of the policy that the insured did not own the insured property in fee, since there could be a waiver only by a writing endorsed on the policy. And in Northwestern Nat. Ins. Co. v. McFarlane (C. C. A.) 50 F.(2d) 539, it was again reiterated that where a policy provides that no agent can waive any of the terms of the policy except by written endorsement, the knowledge of the agent does not waive breach of a condition in the policy. See, also, to the same effect, Home Ins. Co. v. Scott, 284 U. S. 177, 52 S. Ct. 72, 76 L. Ed. 229.

Since in the case at bar the most that an inquiry could have done would have been to give the insurance company or its agent knowledge of the existence of the chattel mortgage, the foregoing decisions are authority for holding that the failure to inquire does not constitute a waiver of the violation of the provisions of the policy. It follows that the decision here will be the same as in the suit brought against the Westchester Fire Ins. Co.