## LEITHAUSER v. HARTFORD FIRE INS. CO.
### No. 6680.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1935.

Eugene Rheinfrank, of Toledo, Ohio, and C. W. Palmer, of Defiance, Ohio, for appellant.

R. W. Shumaker, of Toledo, Ohio, and C. G. Myers, of Chicago, Ill. (Myers & Snerly, of Chicago, Ill., and Fraser, Hiett, Wall & Effler, of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Suit to recover on a fire insurance policy issued upon an elevator building and the fixtures and machinery therein. Leithauser, plaintiff below, appealed from a judgment upon a directed verdict for the defendant.

The policy was issued on January 28, 1930, and the building and contents were destroyed by fire on the following July 20. Appellee denied liability upon the grounds (1) that the elevator was located on leased property and (2) that there was outstanding a chattel mortgage on the structure and machinery; both being in violation of the terms of the policy.

The second defense was not passed on by the District Court, and it is unnecessary to consider it here.

The policy contained the following standard provision, to wit: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The building was not constructed on ground owned by appellant in fee simple, but stood upon a lot leased from the Baltimore & Ohio Railroad Company. The policy was void, therefore, unless ownership other than sole or unconditional or in fee simple was "by agreement endorsed" thereon or added thereto, or unless the requirement was waived.

At the time the policy was issued, appellant was, and for some years had been, associated with one Grace Parent in a partnership agency writing insurance for appellee. The policy was issued through the agency and was countersigned "Leithauser and Parent Agent Per G. P.," and was the second renewal of the original issued January 28, 1928.

Grace Parent testified that she made out the original policy and both renewals; that she made each of them in triplicate; that one copy went to the insured, one in the nature of a daily report to the company through the Ohio bureau at Toledo; and the third, a duplicate of the daily report, was retained in the agent's office; that the reverse side of each policy or renewal and of the daily report concerning it were materially different; that the questionnaire appearing upon the daily report, which consisted of questions to be answered by the agent and forwarded to the company, did not appear upon the policy at all. It would appear also that many of the formal paragraphs of the policy were omitted from the daily report.

In the questionnaire upon the agent's copy of the daily report for January 28, 1928, the date of the original policy, there appeared the following questions and the answers of the agent relative to the property insured: "Is it on leased land? Yes. Date and term of lease? B. & O. ground."

The copy of the daily report prepared at the time of the first renewal, and, dated January 24, 1929, had the same set of questions, but the spaces for the answers were blank. In their stead at the bottom of the sheet was stamped "same as before," presumably having reference to the questionnaire of the original daily report.

The copy of the daily report made at the time of the second renewal and dated January 28, 1930, and prepared at the same time as the policy upon which suit was brought, left the series of questions unanswered, but likewise bore the stamped notation, "same as before," at the bottom of the sheet.

Appellant's insistence is that the daily report of January 28, 1930, formed a part of the policy sued on; that the phrase "same as before" referred to the like phrase in the daily report of January 24, 1929, which in turn referred to the questions and answers in the daily report of January 28, 1928, reciting that the building was upon leased ground; and that the series of references substantially constituted an agreement indorsed on or added to the policy that the requirement for fee-simple ownership was waived.

The contention is untenable. The policy sued on contained no reference to any daily report. It carried no answered questionnaire even in the stamped form and bore no information nor suggestion that the elevator covered by it was upon leased ground. As was stated of the policy in suit in Lumber Underwriters v. Rife, 237 U. S. 605, 610, 35 S. Ct. 717, 718, 59 L. Ed. 1140, it "is a document complete in itself." It did not even contain a numerical reference to the preceding policy, of which it was a renewal, as did the policy in the Rife Case. Appellant's suit was brought upon the contract of insurance delivered to him, and he cannot incorporate into it by parol a series of unrelated documents to effect a change in its terms. Lumber Underwriters v. Rife, supra, 237 U. S. 605, page 609, 35 S. Ct. 717, 59 L. Ed. 1140.

■ Appellant insists that, even upon the assumption that his policy embodied the entire contract, the provision voiding it (above quoted) was waived by appellee when it accepted payment of the premium after it had been advised by the original daily report of January 28, 1928, in connection with the subsequent daily reports that the building stood upon ground leased from the railroad company. This is urged in the face of the following express provision of the policy: "This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no *officer, agent, or other representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.*" (Italics added.)

Appellant relies upon Hanover Fire Ins. Co. v. Dallavo, 274 F. 258, 261 (C. C. A. 6), wherein we said that "the insurance company may, however, waive any provisions in a policy for its protection, including even the provision that the waiver must be indorsed upon the contract itself." We made a similar statement in Rife v. Lumber Underwriters, 204 F. 32, at page 38, but upon appeal the Supreme Court (Lumber Underwriters v. Rife, supra) took a contrary view. It said: "When a policy of insurance is issued, the import of the transaction, as every one understands, is that the document embodies the contract. It is the dominant, as it purports to be the only and entire, expression of the parties' intent. In the present case this fact was put in words by the proviso for the indorsement of any change of terms. Therefore when, by its written stipulation, the document gave notice that a certain term was insisted upon, it would be contrary to the fundamental theory of the legal relations established to allow parol proof that at the very moment when the policy was delivered that term was waived. It is the established doctrine of this court that such proof cannot

322

be received. Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Northern Assurance Co. v. Grand View Building Association, 203 U. S. 106, 107, 27 S. Ct. 27, 51 L. Ed. 109, 111; Connecticut Fire Ins. Co. v. Buchanan, 73 C. C. A. 111, 141 F. 877, 883, 4 L. R. A. (N. S.) 758. See Penman v. St. Paul Fire & Marine Ins. Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493; Aetna Life Ins. Co. v. Moore, 231 U. S. 543, 559, 34 S. Ct. 186, 58 L. Ed. 356, 366."

In Forkner v. Twin City Fire Ins. Co., 19 F.(2d) 419, at page 420, we said: "There is no question of waiver or estoppel involved. The authorities relied upon by the insurance company, beginning with Northern Assurance Co. v. Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213, and including, among others, Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140, and Fidelity-Phenix Fire Insurance Co. v. Transfer Co. (C. C. A.) 3 F.(2d) 784, with the exception of Fidelity-Phenix Fire Insurance Co. v. Handley (C. C. A.) 296 F. 902, pertain to actions brought upon policies, and not to suits to reform them. Those cases all hold, and it is now the settled rule in the federal courts, that it is competent for the parties to a contract of insurance to stipulate that its terms cannot be waived or changed, except in writing, and that an insured cannot, in an action on such a policy, prove that he made a contract different from that expressed in the policy. We had occasion to consider that question recently in Hartford Fire Insurance Co. v. Nance, 12 F. (2d) 575, and Hartford Fire Insurance Co. v. Jones, 15 F.(2d) 1, and we have no disposition to depart from what was said in those opinions."

So far as the Dallavo Case may be construed as conflicting with these decisions, including the Rife Case, it must be deemed to have been overruled.

The provision that the terms or conditions of the policy shall not be waived except in writing upon or attached to it worked no hardship upon this appellant. The policy was written by his own insurance agency and was easily understood. He knew that he did not own in fee simple the ground upon which the elevator stood, and in the exercise of ordinary prudence he should have known that it was not insured.

The judgment is affirmed.