### ALEXANDER v. GENERAL INS. CO. OF AMERICA.

#### No. 6967–RJ.

District Court, S. D. California, Central Division.

Feb. 11, 1938.

Schell & Delamer, Gerald F. H. Delamer, and John S. Bolton, all of Los Angeles, Cal., for plaintiff.

Hindman & Davis, of Los Angeles, Cal., for defendant.

JENNEY, District Judge (after stating the facts and summarizing the arguments as above, renders the following opinion).

In order for the plaintiff to recover, he must show that the terms of the insurance policy in question were subsequently modified, that the breach of condition was waived, or that some conduct on the part of the defendant or its authorized agents so misled the plaintiff to his detriment as to give rise to an estoppel.

The only agent of the defendant with whom plaintiff dealt before the loss was the witness Beere (representing Beere & Purves, Inc.) who had sold plaintiff the policy, and who had, on April 10, 1934, discussed with plaintiff the contemplated removal of the furniture from the designated premises. If any modification of the contract, or waiver, or estoppel is to be predicated on the acts of any agent of the defendant company, it must be based on the conduct of Beere as such agent.

■ The first question presented, therefore, is as to the scope of authority of the agent Beere. It is well settled in California cases that, to bind the principal by oral modification or waiver of conditions in a policy, containing, as here, the usual clause requiring all changes in terms to be indorsed in writing upon the policy itself, the agent must have the power of a general agent (Hargett v. Gulf Ins. Co., 12 Cal. App.2d 449, 55 P.2d 1258, and cases therein cited), or the authority of a special agent and adjuster (Arnold v. American Ins. Co., 148 Cal. 660, 84 P. 182, 25 L.R.A.,N. S., 6), or be at least a policy-writing representative with powers of a general agent. Mackintosh v. Agricultural Fire Ins. Co., 150 Cal. 440, 89 P. 102, 119 Am.St.Rep. 234.

■ The evidence shows that Beere signed this policy as issuing agent; that, although he did not investigate or adjust losses, he did solicit, sell, sign as issuing agent, and deliver policies for the defendant, and collected premiums thereon. The "Notice of Company Appointment," filed by the defendant with the insurance commissioner of the state of California, designating Beere & Purves, Inc., as its agent within California, did not in any way define the scope of such agency.

The plaintiff had had numerous previous dealings with Beere regarding insurance, both in the defendant company and in other companies. There was, however, insufficient evidence to establish a custom from those past dealings whereby the agent exercised, or apparently exercised, such powers on behalf of the defendant company as would indicate a general or the requisite special agency. There was no testimony laying a foundation for the doctrine of apparent authority.

On this state of the record, the court finds that sufficient facts have not been established to prove that Beere had power to waive conditions in, or to change the terms of, defendant's policies. The powers which it was proved he did possess are not such as to raise the inference that he had such broad authority.

■ However, assuming for the moment that an adequate scope of authority has been established, the question still remains whether or not he exercised it. Viewing the matter in that light most favorable to the plaintiff, the evidence shows that at no time during the conversation between the plaintiff and the agent did Beere say that he would change the terms of the policy or comply with plaintiff's request. According to the undisputed evidence, Beere did not say that he would alter the policy to cover the furniture in the new location. Even in plaintiff's own testimony, there is nothing to show that Beere committed himself or the defendant in any way, or that he assented by word or act when he was asked to keep the furniture covered in the new location, or in both the new and the old locations. His silence cannot be construed to be an expression of intention to modify the terms of the policy. No new oral contract can be created without more substantial evidence of assent. Steil v. Sun Ins. Office, 171 Cal. 795, 155 P. 72. Such silence, coupled with the fact that future conversations about this and other insurance were contemplated, could not reasonably be construed to be anything but a reservation of decision on the part of the agent.

Likewise, there must be something more, at least an oral or written expression of agreement, as in Columbia Ins. Co. v. King, 5 Cir., 30 F.2d 887, to constitute a waiver, to say nothing of an estoppel.

■ The law is well settled that to bind the defendant by an estoppel there must have been conduct on the part of the defendant or its agent which led plaintiff erroneously to believe that a condition in the

policy would not be relied upon by the issuing company—all to the plaintiff's detriment.

■ The facts out of which an estoppel arises must be such that a reasonable man, under the circumstances, would have interpreted the statements or conduct of the defendant or its agent to mean that certain conditions would not be relied upon. Goorberg v. Western Assur. Co., 150 Cal. 510, 89 P. 130, 10 L.R.A.,N.S., 876, 119 Am.St. Rep. 246, 11 Ann.Cas. 801.

Plaintiff's case, then, in so far as estoppel through conduct of an agent is concerned, hinges upon his ability to show that Beere's conduct would have misled a reasonable man, and did so mislead the plaintiff to his detriment. Since Beere was silent at a time when he would reasonably be required to speak, the court holds that no waiver or estoppel can be founded on this agent's conduct.

■ This conclusion is re-enforced by the authority of the federal cases holding that the insured, under a policy requiring waivers to be indorsed thereon, is put on notice as to the limitations on the agent's authority. Decisions tend to indicate that the courts may ultimately hold that such notice is not conclusive. However, this line of authority bears strongly on the questions of the actual scope of the agent's authority, the reasonableness of plaintiff's reliance, and the manner in which the actual exercise of the agent's authority is to be attested. Sun Ins. Office v. Scott, 284 U.S. 177, 52 S.Ct. 72, 76 L.Ed. 229; Eddy v. National Indemnity Co., 9 Cir., 78 F.2d 545; Northwestern Nat. Ins. Co. v. McFarlane, 9 Cir., 50 F.2d 539; Mulrooney v. Royal Ins. Co., 8 Cir., 163 F. 833; Adalian's, Inc., v. Fidelity-Phenix Fire Ins. Co., 5 Cir., 81 F.2d 226; Fire Ass'n v. Nime, 5 Cir., 9 F.2d 28.

■ Plaintiff also contends that the retention of the unearned premium by the insurance company precludes the defendant from claiming a forfeiture. Plaintiff concedes, and the court construes the cases cited by plaintiff to mean, at most, that the retention constitutes a waiver or raises an estoppel only when the knowledge of the breach of condition is communicated to the insurer or its duly authorized agent before the time of loss, (Goorberg v. Western Assurance Co., 150 Cal. 510, 89 P. 130, 10 L.R. A.,N.S., 876, 119 Am.St.Rep. 246, 11 Ann. Cas. 801) but after the issuance of the policy. Leithauser v. Hartford Fire Ins. Co., 6 Cir., 78 F.2d 320.

■ In this case, there is no sufficient evidence that the defendant, prior to the time of loss, was notified at its home office or through any of its regular officers or agents (other than Beere) of the circumstances. Nor is there any evidence to show that Beere himself ever informed the company of the facts. Hence it again becomes necessary to prove that Beere's authority was broad enough to make him a general agent of the defendant, since only through an authorized agent can knowledge of the removal be deemed in law to have reached the defendant. Eddy v. National Indemnity Co., 9 Cir., 80 F.2d 284, on rehearing. Surratt v. Fire Ass'n, 4 Cir., 43 F.2d 467.

■ However, the court is impelled to find that Beere had no more authority to bind the defendant by receiving notices on its behalf than he did to waive conditions in the policies. Even had such authority been established, a brief consideration of the reason underlying the rule which plaintiff cites will reveal that it is inapplicable here. Such a rule rests on the theory that an insurer cannot retain the benefits, or premium payments, at the same time that it seeks to evade liability on the policy thereby kept in force. The insurer must cancel the policy and return the premium, thus notifying the insured of its intent to insist upon a forfeiture and permitting him to protect himself by securing other insurance. Columbia Ins. Co. v. King, 5 Cir., 30 F.2d 887; Concordia Fire Ins. Co. v. Sudduth, 5 Cir., 4 F.2d 525.

Mr. Alexander, however, did not wish a cancellation. He expressly instructed Beere not to cancel. Why then should the defendant be penalized for failing to do what the plaintiff had expressly forbidden it to do?

■ Under the terms of the policy so long as any of the furniture was located in the original premises the insurer was under a contractual duty to continue the policy in force. The defendant had no right to cancel the policy prior or subsequent to the time of removal without the consent of the insured, which, as we have seen, was expressly withheld. Furthermore, a fair interpretation of the terms of the policy indicates that the same was only suspended in the event of a removal of the furniture from the location specified in the policy. Suppose the plaintiff had, subsequent to the original removal, but prior to the date of the expiration of the policy, decided to bring back the

162

furniture, in whole or in part, to its original location, can it be successfully contended that the furniture would not again be covered by the policy? Steil v. Sun Ins. Office, 171 Cal. 795, 155 P. 72.

The final removal from the location named in the policy did not take place until the morning of the 23d of April, while the fire which destroyed the property, previously removed, took place later in the day. Under the circumstances, the court finds that nothing the defendant did in that brief interval between removal and loss, or at any time before loss, amounted to a waiver or so misled the plaintiff as to raise an estoppel. Surratt v. Fire Ass'n, 4 Cir., 43 F.2d 467; Boston Ins. Co. v. Hudson, 9 Cir., 11 F.2d 961; Hargett v. Gulf Ins. Co., 12 Cal.App. 2d 449, 55 P.2d 1258.

Plaintiff's final point is that the insurance company, after it learned the circumstances of the case from the proofs of loss filed by the plaintiff, waived the forfeiture by requiring the plaintiff to submit to interrogation at a formal examination. This alone is not sufficient to create an estoppel, for there is no detriment, the loss having already occurred. Hargett v. Gulf Ins. Co., supra.

It cannot constitute a simple waiver, much less an estoppel, because of the written agreement dated May 25, 1934, and signed by the plaintiff, which expressly stated that no action by the insurer in investigating the cause of the fire or the extent of the loss, should "waive or invalidate any rights whatever of either of the parties to this agreement." Such an agreement is valid. Neil Bros. Grain Co. v. Hartford Ins. Co., 9 Cir., 1 F.2d 904.

The policy itself provided that such an examination should not constitute a waiver of any of the terms or conditions of the policy, unless from that interrogation the defendant learned the facts which suspended the operation of the policy. The defendant cannot in justice be denied an opportunity to ascertain such facts (Miller v. Union Assurance Soc., 8 Cir., 39 F.2d 25; Neil Bros. Grain Co. v. Hartford Ins. Co., 9 Cir., 1 F.2d 904), or to apprise itself of the true state of affairs as to the location of the furniture. Aetna Ins. Co. v. Itule, 25 Ariz. 446, 218 P. 990.

Counsel will prepare findings in accordance with the opinion here stated.

Judgment for the defendant.